UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS (EASTERN DIVISION)

| | |
|---|---|
| Comcast of Georgia/Massachusetts, Inc. and Comcast of Middletown, Inc. and Comcast of Boston, Inc. and Comcast of California/ Massachusetts/ Michigan/Utah, Inc. and Comcast of Maine/New Hampshire, Inc. and Comcast of Massachusetts I, Inc. and Comcast of Massachusetts II, Inc. and Comcast of Massachusetts III, Inc. and Comcast of Massachusetts/New Hampshire/Ohio, Inc. and Comcast of New Hampshire, Inc.<br><br>Plaintiffs,<br><br>vs.<br><br>Joseph Amaro, Dimas Amaro, and Joseph Amaro and Dimas Amaro, Jointly d.b.a. CABLEJOINT and D's Electronics<br><br>Defendants | Case No.: 04-cv-10414-RCL<br><br>MOTION FOR PRELIMINARY INJUNCTION AND IMPOUNDMENT ORDER |

Pursuant to:

1. 47 U.S.C. § 553 (c)(2)(A);
2. M.G.L. Ch. 93A § 11
3. 17 U.S.C. § 1203(b)(1)
4. 17 U.S.C. § 1203(b)(2); and
5. Fed.R.Civ.P. 65

The Plaintiffs hereby move for:

    a. A Preliminary injunction against the Defendants to prevent the Defendants from continuing to manufacture, sell or distribute products and services that are primarily designed or marketed for use in circumventing the measures employed by the Plaintiffs to prevent unlawful access to the Plaintiffs' cable television programming; and

b. An Impoundment Order against the Defendants impounding the records, devices, inventory and other pertinent items presently in the possession or recently in the possession of the Taunton Massachusetts police to prevent Defendants from destroying same and from utilizing same in furtherance of their distribution scheme

As more fully set forth in the proposed Order accompanying this motion.

As set forth more fully in the accompanying Memorandum and affidavits, the Defendants have been selling and/or distributing and/or manufacturing (e.g. repairing returns) non-addressable cable television descrambling devices (sometimes referred to as and hereinafter referred to as "black boxes"). As part of a state criminal investigation against the Defendants, the Taunton police department executed search warrants against the Defendants and obtained considerable materials including, without limitation, inventory, paper records, computer records and other items that all clearly evidenced the Defendants' black box distribution business.

The Defendants were acquitted of state criminal violations after a state criminal trial by utilizing a so-called "disclaimer" defense. With the disclaimer defense, the defendants essentially admitted selling black boxes, but the defendants denied aiding or abetting others in an attempt to defraud the Plaintiffs because the black boxes were sold to third parties with pieces of paper with words to the effect that warned the purchasers not to use the black boxes for illegal purposes. As more clearly set forth in the accompanying memorandum, this type of defense has not been found to exonerate defendants from Federal civil liability.

The black boxes sold and/or distributed and/or manufacture (e.g. repairing returns) by the Defendants are primarily designed or produced for the purpose of circumventing a technological measure, cable television encryption, that effectively controls access to works protected under Title 17, the copyright protected works that make up most of the Plaintiffs' cable television signals. The defendants' actions violate 17 U.S.C. § 1201(E)(2):

1. 17 U.S.C. § 1203 (b)(1) provides that this court can order a temporary injunction on such terms as it deems reasonable to prevent or restrain violations of § 1201; and, more importantly

2. 17 U.S.C. § 1203 (b) (2) provides that this court may order the impounding, on such terms as it deems reasonable, of any device or product that the court has reasonable cause to believe was involved in a violation of 17 U.S.C. § 1201.

Also, as set forth more fully in the accompanying Memorandum and affidavits, the Defendants have been assisting others in intercepting or receiving the Plaintiffs' cable television signals through their manufacture and/or distribution and/or sale of black boxes that are intended for the unauthorized reception of the Plaintiffs cable television services. The Defendants actions violate 47 U.S.C. § 553 (a)(1). In addition, 47 U.S.C. § 553(c) (2) (A) provides that this court can order a temporary injunction on such terms as it deems reasonable to restrain violations of § 553 (a) (1).

Finally, as set forth more fully in the accompanying Memorandum and affidavits, the Defendants' business of manufacturing and/or distributing and/or selling black boxes that assist in the unauthorized interception of the Plaintiffs' cable television signals is an unfair trade practice. The defendants actions violate M.G.L. Ch. 93A § 11 and that statute provides for equitable relief, including an injunction as the court deems to be necessary and proper.

In further support of its motion the Plaintiffs submit:

1. The accompanying Memorandum in support of this motion;
2. The affidavit of Lt. Philip Warish of the Taunton, Massachusetts police department;
3. The affidavit of Mr. Paul Marmelo; and
4. The affidavit of Mr. William Scott Jacobs

Wherefore, the Plaintiffs moved this court for an order in conformity with the proposed order attached hereto.

Respectfully Submitted for the Plaintiffs,
By Their Attorney,

_____
John M. McLaughlin
**MCLAUGHLIN SACKS**
31 Trumbull Road
Northampton, MA 01060
Telephone: (413) 586-0865
BBO No. 556328

4/29/04
Date

## CERTIFICATE OF SERVICE

I, John M. McLaughlin, attorney for the Plaintiff, hereby certify that on the 29 day of _____, 2004, a copy of the Motion For Preliminary Injunction and Impoundment Order, Memorandum In Support of Plaintiff's Motion For Preliminary Injunction and Impoundment Order, Proposed Impoundment Order, Proposed Preliminary Injunction, Affidavit of Paul Marmelo, Affidavit of William Scott Jacobs and Affidavit of Lt. Phillip Warish are to be served upon the Defendants by a sheriff in Bristol County when service of the complaint has been made.

_____
John M. McLaughlin, Esq.