UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS (EASTERN DIVISION)

| | |
|---|---|
| Comcast of Georgia/Massachusetts, Inc. and Comcast of Middletown, Inc. and Comcast of Boston, Inc. and Comcast of California/ Massachusetts/ Michigan/Utah, Inc. and Comcast of Maine/New Hampshire, Inc. and Comcast of Massachusetts I, Inc. and Comcast of Massachusetts II, Inc. and Comcast of Massachusetts III, Inc. and Comcast of Massachusetts/New Hampshire/Ohio, Inc. and Comcast of New Hampshire, Inc.<br><br>Plaintiffs,<br><br>vs.<br><br>Joseph Amaro, Dimas Amaro, and Joseph Amaro and Dimas Amaro, Jointly d.b.a. CABLEJOINT and D's Electronics<br><br>Defendants | Case No.: 04-cv-10414-RCL<br><br>AFFIDAVIT OF LT. PHILIP WARISH IN SUPPORT MOTION FOR PRELIMINARY INJUNCTION AND IMPOUNDMENT ORDER |

Now comes the affiant, and makes this his sworn statement, under the pains and penalties of perjury, of his own personal knowledge

1. I am a Police Officer for the City of Taunton Massachusetts and have been employed as such since July 1975. I currently hold the rank of Lieutenant and I am assigned to the detective division. My duties include, but are not limited to, the supervision of other detectives as well as the investigation or overseeing the investigation of crimes within the City of Taunton;

2. For the purpose of this Affidavit I will refer to non-addressable cable television de-scrambling devices, by the term they are often referred to as "black boxes." I will use this term to refer to cable television de-scramble devices that, when functioning properly, are capable of the de-scrambling premium channels and pay-per-view offerings without authorization from or without payment to the cable television company.

3. Also, for the purpose of this Affidavit, I will refer to the cable television company involved with this matter as Comcast even though at earlier points in time that company was known as AT&T Broadband.

4. Commencing on March 1, 2001, this Officer became involved in an investigation regarding a black box distribution business being operated by two brothers, Joe Amaro and Dimas Amaro of 333 Cohannet Street, Taunton, Massachusetts.

5. Information was developed from an informant, Abby Vasconcellos, an ex-girlfriend of Dimas Amaro, to the effect that sales of black boxes being made by Joe Amaro, locally and by Dimas Amaro over the Internet.

6. In furtherance of the investigation, I was able to obtain a search warrant. On March 9, 2001, I executed the search warrant at the United Parcel Service ("UPS") terminal in Brockton, Massachusetts. Pursuant to the warrant, I ultimately obtained and seized four packages containing a total of twenty-four black boxes. These packages were being shipped for either Joe Amaro or Dimas Amaro. From the documentation in the packages it was clear that a few of the black boxes were evidently being sent back to the Amaros for repairs, but the majority of the black boxes appear to be shipments of black boxes from wholesalers for resale to third-parties. In addition, we seized records of numerous prior shipments to the Amaro home. **See Return of Warrant documentation for UPS search attached hereto as Exhibit A.**

7. Upon further investigation it was determined that Dimas Amaro was allegedly selling black boxes through auction sales on the Internet site E-bay under the domain name www.Cablejoint.net.

8. A Comcast employee in Connecticut, William Scott Jacobs, then initiated an Interstate, Internet black box purchase from the Amaro web site specifically:
    a. Jacobs first created a Hotmail E-mail account, BJACOBS123@HOTMAIL.COM;
    b. Jacobs also created a PAYPAL account utilizing the Hotmail address;
    c. On June 4, 2001, Jacobs placed an order for a black box from the web site www.cablejoint.net;
    d. Jacobs utilized a MasterCard credit card with the PAYPAL account and paid $140.00 for the black box;
    e. Jacobs made payment to CABLEJOINT@YAHOO.COM;
    f. The transaction details from the PAYPAL account evidenced a $140.00 payment to Dimas Amaro with an ID # of 0N952025B84648630;
    g. For shipping purposes, Jacobs utilized the address of 34 Shunpike Road, Suit 3, Cromwell, CT 06416-2453, a "Mail Boxes, Etc." ("MBE") facility;
    h. On June 20, 2001, Jacobs picked up a package at the Cromwell, CT MBE facility;
    i. Jacobs open the package and it contained a black box and certain peripherals items such as a remote-control, but the package did not contain any so-called "disclaimer" documentation;
    j. Jacobs tested the black box at Comcast's Berlin Connecticut facility where he observed the black box de-scrambling premium channels and pay-per-view offerings.
    k. On or about June 21, 2001 Jacobs delivered the black box in question into the custody of the Taunton Police Department. (*See* Affidavit Jacobs).

9. Based upon the information received up to that point in time, on June 21, 2001, I applied for and received search warrants for the apartments and the shared basement of the home of Joe and Dimas Amaro at 333 Cohannet Street in Taunton, Massachusetts. By that point in time, it was evident through the investigation that the Amaro brothers were conducting the business of selling black boxes and were using the Internet as well to make sales.

10. Upon execution of the warrant to the first floor apartment of Dimas Amaro, the second-floor apartment of Joe Amaro and the basement shared by the Amaro brothers, the Tauten Police Department seized numerous items including, without limitation:

    a. $7,800.00 in cash;
    b. Six black boxes.
    c. No fewer than 900 priority mail mailers identical to the one received by Jacobs;
    d. 119 U.S. Postal Service Delivery Confirmation Receipts, which listed names, cities and states that packages had been sent. Upon examination of these receipts, this Officer found one confirmation receipt that matched numbers on the package sent to Jacobs;
    e. One Sony Notebook model PCG-C 1 XS computer and numerous other computers;
    f. Numerous invoices, checks, money orders, credit card receipts and communications evidencing the sales and distribution of black boxes;
    g. An address book containing telephone numbers for Wholesale Electronics and Clearview, along with notations describing particular models of black box.

    **See Return of Warrant documentation for Amaro home search attached hereto as Exhibit B.**

11. While at the house executing the warrants, Dimas Amaro made several unsolicited statements to this Officer. He said that it was not illegal to sell the boxes, as he sent them with a disclaimer. He told me that he was not making much money on them and had not been in the business very long. He told me that after we (the police) seized the packages at UPS that he had checked with his attorney and was assured that it was legal for him to sell the boxes.

12. While at the house executing the warrants, Joe Amaro made several unsolicited statements to this Officer. Joe said that he did not know it was illegal to sell the boxes. He said that he was selling a few here and there, until I seized his packages at UPS. Joe said that his brother, Dimas, did the Internet business and that he sold converter boxes and other items over the Internet.

13. On or about June 25, 2001, Paul Marmelo, a Comcast employee, came to the Taunton Police Department headquarters, at 23 Summer Street Taunton, MA 02780 where we kept the black boxes that were seized at the UPS terminal and at the Amaro home. Each of the twenty-four black boxes seized at UPS except one was able to receive and de-scramble premium channels and pay-per-view movies. Of the six black boxes seized from the Amaro home, only two were able to receive and de-scramble premium channels and pay-per-view movies. (See affidavit Marmelo)

14. An examination of the information contained on the Sony Notebook computer which was seized at the Amaro home revealed over 350 entries consisting of names, addresses and amounts paid, with some entries also having dates. Of particular interest was entry number 318, which evidenced the sale to Mr. Jacobs in Connecticut.

15. The computers and cash were ultimately returned to the Amaros. With those exceptions, the other materials garnered from the seizures from the warrants on UPS, the Amaro home and the black box purchased by Jacobs are still held by the Taunton Police Department.

# SEARCH WARRANT

G.L. c. 276, §§ 1-7

TRIAL COURT OF MASSACHUSETTS

Taunton District COURT DEPARTMENT

1st Bristol DIVISION

SEARCH WARRANT DOCKET NUMBER: 01 SW 009

**TO THE SHERIFFS OF OUR SEVERAL COUNTIES OR THEIR DEPUTIES, ANY STATE POLICE OFFICER, OR ANY CONSTABLE OR POLICE OFFICER OF ANY CITY OR TOWN, WITHIN OUR COMMONWEALTH:**

Proof by affidavit, which is hereby incorporated by reference, has been made this day and I find that there is PROBABLE CAUSE to believe that the property described below:

☐ has been stolen, embezzled, or obtained by false pretenses.
☒ is intended for use or has been used as the means of committing a crime.
☐ has been concealed to prevent a crime from being discovered.
☒ is unlawfully possessed or concealed for an unlawful purpose.
☒ is evidence of a crime or is evidence of criminal activity.
☐ other (specify) _____

YOU ARE THEREFORE COMMANDED within a reasonable time and in no event later than seven days from the issuance of this search warrant to search for the following property:

3 Packages currently in possession of United Parcel Service - Brockton
#1. Package addressed to Dimas Amaro w/ 3 cable converter boxes
#2. Package addressed to Joe Amaro w/ 8 cable converter boxes
#3. Package addressed to Joe Amaro w/ 12 cable converter boxes
+ All paperwork within packages

☒ at:
U.P.S. Security Office @ 200 Oakhill Way, Brockton, MA

which is occupied by and/or in the possession of: _____

☐ on the person or in the possession of: _____

You ☐ are ☒ are not also authorized to conduct the search at any time during the night.

You ☐ are ☒ are not also authorized to enter the premises without announcement.

You ☐ are ☒ are not also commanded to search any person present who may be found to have such property in his or her possession or under his or her control or to whom such property may have been delivered.

YOU ARE FURTHER COMMANDED if you find such property or any part thereof, to bring it, and when appropriate, the persons in whose possession it is found before the _____ sitting at _____ Division of the _____ Court Department.

DATE ISSUED: 3-27-01

FIRST OR ADMINISTRATIVE JUSTICE
WITNESS: Kevin Cunningham

SIGNATURE OF JUSTICE, CLERK-MAGISTRATE OR ASSISTANT CLERK
x [signature]

PRINTED NAME OF JUSTICE, CLERK-MAGISTRATE OR ASSISTANT CLERK
Raymond S. Peck

TC-SW-1 (7/99)

# RETURN OF OFFICER SERVING SEARCH WARRANT

A search warrant must be executed as soon as reasonably possible after its issuance, and in any case may not be validly executed more than 7 days after its issuance. The executing officer must file his or her return with the court named in the warrant within 7 days after the warrant is issued. G.L. c. 276, §3A.

This search warrant was issued on March 07, 2001, and I have executed it as follows:

The following is an inventory of the property taken pursuant to this search warrant:

1. Package #1 - a. Clear Max 2000 Cable Converter w/remote control
2. b. VM 4000 Converter box serial # 004101587
3. c. VM 4000 Converter box w/remote ser # 004101596
4. Package #2 a. VM 4000 Converter box w/remote serial # 010101685
5. b. VM 4000 w remote serial # ~~010101685~~ 002703367
6. c. VM 4000 w remote serial # ~~002703367~~ 003100799
7. d. Coolbx converter box w/remote serial # 6427153
8. e. VM 4000 converter box w/remote serial # 010104574
9. f. VM 4000 converter box w remote serial # 010104512
10. g. VM 4000 converter box w/remote serial # 010101858
11. h. Coolbx converter box w/remote serial # 8551980
12. Package #3 a. View Master 4040 converter box w/remote ser # 010200138
13. b. View Master 4040 converter box w/remote ser # 010200552
14. c. View Master 4040 converter box w/remote ser # 010200363
15. d. View Master 4040 converter box w/remote - no serial #
16. e. View Master 4040 converter box w/remote ser # 010200084
17. f. View Master 4040 converter box w/remote ser # 010201511
18. g. View Master 4040 converter box w/remote ser # 010200364
19. h. View Master 4040 converter box 010200124
20. i. View Master 4040 converter box w/remote 010200137

(attach additional pages as necessary)

This inventory was made in the presence of: Detective James Dykas TPD

I swear that this inventory is a true and detailed account of all the property taken by me on this search warrant.

| SIGNATURE OF PERSON MAKING SEARCH | DATE AND TIME OF SEARCH | SWORN AND SUBSCRIBED TO BEFORE |
| X | | X |
| PRINTED NAME OF PERSON MAKING SEARCH | TITLE OF PERSON MAKING SEARCH | Signature of Justice, Clerk-Magistrate or Assistant Clerk |
| | | DATE SWORN AND SUBSCRIBED TO |

# SEARCH WARRANT

G.L. c. 276, §§ 1-7

**TRIAL COURT OF MASSACHUSETTS**

Taunton District COURT DEPARTMENT

1st Bristol DIVISION

SEARCH WARRANT DOCKET NUMBER: 01SW 0017

**TO THE SHERIFFS OF OUR SEVERAL COUNTIES OR THEIR DEPUTIES, ANY STATE POLICE OFFICER, OR ANY CONSTABLE OR POLICE OFFICER OF ANY CITY OR TOWN, WITHIN OUR COMMONWEALTH:**

Proof by affidavit, which is hereby incorporated by reference, has been made this day and I find that there is **PROBABLE CAUSE** to believe that the property described below:

- ☐ has been stolen, embezzled, or obtained by false pretenses.
- ☒ is intended for use or has been used as the means of committing a crime.
- ☐ has been concealed to prevent a crime from being discovered.
- ☒ is unlawfully possessed or concealed for an unlawful purpose.
- ☒ is evidence of a crime or is evidence of criminal activity.
- ☐ other (specify) _____

**YOU ARE THEREFORE COMMANDED** within a reasonable time and in no event later than seven days from the issuance of this search warrant to search for the following property:

Package addressed to Dinas Amaro 333 Cohannet St. containing cable converter box

☒ at:

UPS Security office at 200 Oak Hill Dr. Brockton

which is occupied by and/or in the possession of: _____

☐ on the person or in the possession of: _____

You ☐ are ☒ are not also authorized to conduct the search at any time during the night.

You ☐ are ☒ are not also authorized to enter the premises without announcement.

You ☐ are ☒ are not also commanded to search any person present who may be found to have such property in his or her possession or under his or her control or to whom such property may have been delivered.

**YOU ARE FURTHER COMMANDED** if you find such property or any part thereof, to bring it, and when appropriate, the persons in whose possession it is found before the Trial Division of the Taunton Court Department.

DATE ISSUED: 4-2-01

SIGNATURE OF JUSTICE, CLERK-MAGISTRATE OR ASSISTANT CLERK: x C M Abreu

FIRST OR ADMINISTRATIVE JUSTICE—
WITNESS: Kevan J. Cunningham

PRINTED NAME OF JUSTICE, CLERK-MAGISTRATE OR ASSISTANT CLERK: C. M. Abreu

TC-SW-1 (7/89)

EXHIBIT A

# Taunton Police Department
18 Pleasant Street
Taunton Ma. 02780

## Detective Division
## Investigation Report

**Report Number :** R01-1358
**Type of Investigation :** Execution of Search Warrant
**Investigator :** Detective James Dykas

---

**Defendant :** N/A
**Address :**
**City/State :**
**Telephone :**

**Victim :** N/A
**Address :**
**City/State :**
**Telephone :**

---

- Date of Incident: 04-03-01
- Place of Incident: Brockton, Ma
- Time of Incident: 10:15AM

Witness # 1.: Det David Charbonneau, Taunton Police
# 2.: Renee Enos, UPS Security, 200 Oakhill Dr, Brockton Ma

****** Narrative *******

On Tuesday, April 03, 2001, Dets James Dykas and David Charbonneau executed a search warrant for a package located at the UPS Security Office, 200 Oak Hill Dr, Brockton, Ma. The detectives met Renee Enos who turned over a package that was addressed to Dimas Amaro of 333 Cohannet St, Taunton, Ma.

The package contained a carton with a ViewMaster 4040 cable converter box and remote along with a letter of return from the sender, Kevin L Baker, PO Box 657, Duncansville, Pa.

The package was brought back to Taunton P.D. where it was photographed by Det Lt Warish and secured into the evidence room.

Submitted By;
James Dykas, Detective

## RETURN OF OFFICER SERVING SEARCH WARRANT

A search warrant must be executed as soon as reasonably possible after its issuance, and in any case may not be validly executed more than 7 days after its issuance. The executing officer must file his or her return with the court named in the warrant within 7 days after the warrant is issued. G.L. c. 276, §3A.

This search warrant was issued on __June 21__, 19__2001__, and I have executed it as follows:

The following is an inventory of the property taken pursuant to this search warrant:

1. Compaq Presario  ser 904FPM9L756  Model 6BW284  5000 series
2. Etower Computer  QFK01100/1351  model 466IS
3. Millennium converter Box  ser 10000.71772196  Model Nova C-3100
4. 2 Boxes (25ea) Priority mail packages
5. Sharp PA1000 Typewriter  ser# 41025253
6. Compaq Laptop computer  Series 2876  ser# 6743HZA31316
7. Four used packing boxes
8. Six Global Cable Box w remotes (boxed in cellar)
9. ~~Four boxes~~ Postal Money order 86761632565  for $270
10. Personal check from Nancy Roeting #1208  for $170
11. One hundred nineteen (119) Priority Mail confirmation receipts
12. Several receipts & literature on cable converter boxes
13. Cancelled checks 1999 + 2000 in name of Joe + Edwarda Amaro
14. Not pursuant to warrant 3boxes + 1 bag of fireworks
15. 1 Stungun
16. Tax returns Joe + Dimas Amaro - 2000
17. Iomega Zip 250 Model Z250USBPCM  ser 09160000
18. Sony Notebook computer model PCG-C1KS
19. _____
20. _____

This inventory was made in the pre

I swear that this inv

Return on warrant for search on Dimas Amaro apartment

SIGNATURE OF PERSON MAKING SEARCH
X _____

PRINTED NAME OF PERSON MAKING SEARCH

stant Clerk

# RETURN OF OFFICER SERVING SEARCH WARRANT

A search warrant must be executed as soon as reasonably possible after its issuance, and in any case may not be validly executed more than 7 days after its issuance. The executing officer must file his or her return with the court named in the warrant within 7 days after the warrant is issued. G.L. c. 276, §3A.

This search warrant was issued on ___June 21___, 2001, and I have executed it as follows:

The following is an inventory of the property taken pursuant to this search warrant:

1. Hewlett Packard computer serial US82868149
2. $7800 U.S. Currency
3. Cancelled checks in name of Joe Amaro
4. Deposit receipts for Fleet Bank
5. Address Book
6. Loose Leaf note book with computer info
7.
8.
9.
10.
11.
12.
13.
14. Warrant return on search
15. of Joe Amaro Apt.
16.
17.
18.
19.
20.

This inventory was made in _____

I swear that this inventory is a true and detailed account of all the property taken by me on this search warrant.

| SIGNATURE OF PERSON MAKING SEARCH | DATE AND TIME OF SEARCH | SWORN AND SUBSCRIBED TO BEFORE |
|---|---|---|
| X | 6/20/01  3:56 pm | X _____ Signature of Justice, Clerk-Magistrate or Assistant Clerk |
| PRINTED NAME OF PERSON MAKING SEARCH | TITLE OF PERSON MAKING SEARCH | DATE SWORN AND SUBSCRIBED TO |
| Philip Wartz | | |

EXHIBIT C

# Taunton Police Department
Taunton Ma. 02780

## Detective Division
## Investigation Report

**Report Number:**     R02-0773                              February 24, 2002

Type of investigation: Violation of M.G.L. Chapt. 166 s42A & 42B

**Investigator:**     Detective Lt.:     **Philip Warish**

---

| | | |
|---|---|---|
| **Defendant:** | Dimas Amaro | D.O.B. 01/15/72 |
| **Address:** | 333 Cohannet St | |
| **City/State:** | Taunton, Ma | |
| **Telephone:** | | |

| | | |
|---|---|---|
| **Defendant:** | Joe Amaro | D.O.B. 05/18/68 |
| **Address:** | 333 Cohannet St | |
| **City/State:** | Taunton, Ma | |
| **Telephone:** | (508) 880-0617 | |

---

| | |
|---|---|
| **Victim:** | AT&T Broadband |
| **Address:** | C/O 159 E Grove St |
| **City/State:** | Middleboro, Ma. 02346 |
| **Telephone:** | (508) 947-5322 |

- Date of Incident:    Diverse dates from July 2000 through June 2001
- Place of Incident:   333 Cohannet St
- Time of Incident:

Witness:    1 Michael R Wood    AT&T Investigator N.E Region  (508) 947-5322
                C/O CT Corporation System
                101 Federal St
                Boston, Ma.

            2. Wm. Scott Jacobs / Security Investigator
                C/O CT Corporation System
                101 Federal St
                Boston, Ma

            3. Rick Daniels / Security Investigator
                C/O CT Corporation System

EXHIBIT C

   101 Federal St
   Boston, Ma

4. Paul Marmelo / Special Project Manager
   C/O CT Corporation System
   101 Federal St
   Boston, Ma

5. Craig Frappier
   C/O CT Corporation
   101 Federal St
   Boston, Ma.

6. S.A. James Mooney
   C/O U.S Secret Service
   380 Westminster St
   Providence, RI

7. Abby Vasconcellos
   394 Cohannet St
   Taunton, Ma.

8. Rene Enos / Security Specialist
   C/O United Parcel Service
   1045 University Ave.
   Norwood, Ma. 02062

9.. Det James Dykas C/O Taunton Police Dept

10. Det Dennis Smith C/O Taunton Police Dept.


NARRATIVE:

This Investigation began on 3/01/01 when AT&T Investigator Michael WOOD came to Hq and spoke with this officer. WOOD indicated that he had an informant that was giving him information about the illegal sale of cable converter boxes. Information was that Dimas and Joe AMARO were receiving large numbers of these boxes at their residence at 333 Cohannet St and reselling them both on the street and over the internet.

( For the purpose of this report the converter boxes mentioned are capable of receiving premium stations and pay-per view movies. Under normal circumstances a subscriber has to pay their cable subscriber a fee to receive these stations. The possession or sale of such items without paying for the service is a violation under MGL.)

On 3/01 WOOD explained that his informant wished to remain anonymous and had actually seen sales of converter boxes from the house by both Dimas and Joe AMARO. WOOD further stated that he had info that a large shipment of boxes were due there on this date and that they were usually delivered via UPS.

.2

EXHIBIT C

*(A check of UPS records at a later date showed that UPS delivered a total of 20 packages on this date from Wholesale Electronics and Clearview Cable)*

At a later time on 3/01 WOOD came back to HQ and advised that he had been watching the house at 333 Cohannet St and at 12:30PM he observed a Federal Express truck pull up and make a delivery of two packages. He stated that the delivery went to the back of the house so he could not observe who took delivery.

On 3/02/01 WOOD and fellow investigator Richard DANIELS came to Hq and told this officer that UPS Security had intercepted three packages destined for 333 Cohannet St. The interception was made at the Brockton UPS facility and pursuant to written UPS policy the packages were inspected and found to contain converter boxes. This inspection was done without my knowledge and this officer had not made any such request from UPS. WOOD further stated that he had gone to the terminal and viewed the contents confirming that they were indeed converter boxes. He stated that the packages were addressed to either Joe or Dimas AMARO.

On 3/07/01 this officer received a search warrant to seize and search the packages being held at the UPS Terminal located at 200 Oak Hill Way in Brockton. I was assisted by Det James DYKAS. Rene ENOS of UPS Security advised that she is the one that had intercepted and checked the packages. She supplied this officer with a copy of their policy in regards to inspection. It was also learned at this time that a fourth package had arrived and on inspection found to contain a converter box. This package was seized.

The packages were brought back to Taunton Police Department Hq where they were numbered 1 to 4 for recording and evidentiary purposes.

Package #1 was addressed to Dimas AMARO at 333 Cohannet St. It was found to contain (3) converter boxes along with a note indicating that two of the boxes were new but would not de-scramble while the third box had been working and suddenly stopped. This package had a return address of:
> Cheryl Brown
> 22780 Cypresswood Dr.
> Spring, Texas 77373

It appears that this person was looking to return the boxes for a refund or replacement. (attachment #1)

Package #2 was addressed to Joe AMARO at 333 Cohannet St in Taunton. This package had a total of 8 converter boxes and 4 remote controls. It appears that these boxes were being returned after repairs or examination as several had small notes attached describing what type of problem had been experienced with the box. (attachment #2)
Also contained in package 2 was a shipping invoice addressed to Joe AMARO. The return address on this package was Wholesale Electronics (attachment #3)

Package #3 was addressed to Joe AMARO at 333 Cohannet St in Taunton. Contained within this package were twelve (12) converter boxes along with instructions on how to use the converters to decode signals.. Also in this package was an invoice listing the cost of the converters as being $964 (attachment #4) A credit card receipt was also present. It was Master Card # 5490 9911 2830 7978. The return address on this package was Wholesale Electronics of Las Vegas, NV.

A fourth package had arrived after this officer had sought and received a warrant. This package was addressed to Dimas AMARO of 333 Cohannet St in Taunton. It was found to contain a Global converter box remote and wires. The return address on this package was 2988 Bishop Rd, Wickliffe, Ohio. It appears that the sender used the same priority mail carton that the unit had been sent to him in only it was

3

EXHIBIT C

returned via UPS. The original shipping lable had been blacked out except that the return address was still visible. The return address was for Dimas AMARO at 333 Cohannet St. (attachment #5 ). Inside the package was a crumbled up newspaper page which was apparently used for packing. Examination showed the page to be from the Taunton Daily Gazette dated Feb 11, 2001

All four packages were taken to Taunton Police Department where they were broken down, photographed and inventoried.

That on or about 4/02/01 this officer received info from UPS Renee ENOS that a package containing a cable converter box had been delivered to Dimas AMARO and returned to UPS by AMARO. This officer sought and received a warrant to seize said package. The package was seized by Det James Dykas on 4/03. It was found to contain a ViewMaster 4040 cable converter box. It was accompanied by a letter requesting a refund for the item. (attachment # 6   2pages)

In addition to the seizure of these packages this officer received shipping info supplied by U.P.S. that show in excess of 100 packages delivered to that address during the past year. A cursory review of the records by this officer show that from July 17, 2000 to February 15, 2001 a total of 71 packages were sent to this address from Wholesale Electronics. This would be the same company sending the 2 intercepted packages that contained a total of 20 converter boxes. In addition 11 packages were shipped from Global Cable , 10 packages from Clearvew Cable and 16 packages from INB GROUP INC. All four of these companies have been identified by WOODS as being suppliers of illegal cable converters. A total of 108 packages were shipped to 333 Cohannet St from the four suspect companies in just a 7 month period. (attachment # 7)

On 5/07/01 this officer met with WOOD and a party identified as Abby VASCONCELLOS. It was learned at this time that VASCONCELLOS was the person that had been providing AT&T (WOOD) with information. VASCONCELLOS told me that she had been the girlfriend of Dimas AMARO and that they had a child together. She relates that while staying at 333 Cohannet St she had seen both Dimas and Joe AMARO make numerous sales of converter boxes to people that came to the door. The fact that she lived with Dimas AMARO is the source of her information and while this information may have been stale it is certainly coberated by the recent seizures of packages addressed to both Dimas and Joe.
VASCONCELLAS also related that Dimas was conducting a lot of his business in sales over the internet while Joe seemed to be relegated to local sale. Again this seemed to be the case as any out-of-state returns were made to Dimas AMARO. This officer asked if the large number of packages being sent to the house could be in relation to the catering business that was run from that address. Abby stated that while she was living there most or all purchases made for the business were made at the local wholesale clubs such as Sam's club.

Having knowledge that cable converter boxes were being sold via the internet, AT&T Investigators assisted this Officer in locating the site. Craig FRAPPIER, of AT&T Broadband, learned that boxes were being auctioned through e-bay under the domain name *cablejoint.net*. A check of this domain name shows the administrative contact to be :  Amaro, Dimas   da027@hotmail.com
               333 Cohannet St
               Taunton, Ma. 02780
               US
               5088015704
( attachment #8 )

As a result of discovery of this e-bay offering, Wm Scott JACOBS of AT&T  Security Investigations, placed a bid for a Global 2600 cable converter box. He submitted a winning bid of $140. JACOBS did not receivie the box at first despite paying through Pay Pal. As a result he communicated with Dimas

4

EXHIBIT C

AMARO via e-mail. (attachment #9 3 pages). On 6/20/01 JACOBS took delivery of a package at the Mail Box Etc. in Cromwell Ct. The package showed that it was mailed from the Raynham Center Post Office on 6/18/01. Package was found to contain a Global 2600 cable converter box that when tested was able to pick up premium pay channels. Item is tagged for evidence.

Package sent to Jacobs had a return address of : D's Electronics
284 Middleboro Ave
E.Taunton, Ma 02718

A check of the Polk City Directory show the homeowners to be Joseph and Anna AMARO. They are the grandparents of Joe and Dimas AMARO. Also within the package were typed instructions not to return the box without finding out which address to return it to. It is obvious the AMARO"S knew that their operation was under scrutiny and needed the ability to use other addresses.

A similar attempt to order via internet was conducted by AT&T Investigator Rick DANIELS. This bid was submitted with a NH return address. The bid was not successful.

Based on information gleaned during this investigation, on 6/21/01 this Officer applied for and received a search warrants for the residences of Dimas AMARO (333 Cohannet St 1st flr) and Joe AMARO (333 Cohannet St 2nd flr.) The object of the search was to further support a case that both AMAROS were conducting a business where they were selling cable box converters in violation of M.G.L.Chapter 166 Sections 42 A&B.

This officer conducted a search of the first floor apartment inhabited by Dimas AMARO whom was present at the time of the search. Items seized from this search are listed on the warrant return. Of particular interest during this search were two computers located in the living room. A Sony Notebook computer was on and an apparent customer list was visible on the screen with names and addresses (ser # 283060303108748-40910227a).

Also of interest were the quantity of priority mailing packages identical to the one used to send the converter to Investigator JACOBS. There were more than 900 of these mailers in the apartment and front hall closet.

Recovered from the same desk as the computers were a total of 112 US Postal Service Delivery Confirmation Receipts. They show that packages went out from the Raynham Center Post Office, North Dighton Post Office and Rehoboth Post Office. Postal receipt accompanying each batch of Confirmations show that it cost $6.75 or more to mail each package. The receipts were kept in stacks according to date they were mailed and show that all these mailings occurred between 4/24/01 and 6/16/01. These dates are long after the seizure of packages from UPS which would show that Dimas AMARO was still conducting business despite knowing that he was being investigated. (attachment #10 18 pages )

Of particular interest was a package mailed from Raynham Ma on 6/16/01. The name on the receipt is W. JACOBS. This would be consistent with William JACOBS receiving the package in Ct. on 6/20/01. ( Pg 15 of attachment 10 )

Also found among the above receipts were express mail receipts for insured packages. These receipts had addresses out of state but listed a return address as: D's Electronics, 284 Middleboro Ave. E. Taunton, Ma. This would show that Dimas AMARO did not want to receive any more packages sent to 333 Cohannet St.

A packing slip addressed to Dimas AMARO from INB GROUP INC. show a shipment of 50 units on 7/18/00. While the invoice does not specify what the units are the invoice indicates that they cost $96 each and that the order was placed on a credit card. (attachment # 11 )

AT&T security had identified INB as being a distributor of cable converter boxes. UPS records show a delivery of 5 boxes made to 333 Cohannet St on 7/24. these packages bore a return of INB GROUP INC. Total cost of the shipment was $4,920.

5

EXHIBIT C

A communication from CLEARVIEW ELECTRONCIS AND ADDRESSED TO Dimas AMARO listed prices for catv converters. The offer was to buy between 50 and 240 pieces and offer free shipping (attachment # 12)

A communication addressed to Joe AMARO from a Theresa CAHILL stating that the View Master 4000she bought via e-bay is not working (attachment #13).

A check and Postal Money order written to Dimas AMARO taken from his desk. The check was from Nancy Roeting of Hummelstown PA. It was in the amount of $170. This info later matched up with the mailing list in the Sony Notebook computer. (see entry #319 in attachment # 17B).

A Postal Money order in the amount of $270 Payable to D. AMARO from Freddie Diaz. A notation at the bottom of the money order indicates that it's for 2 cable boxes. ( check and money order attachment #13B)

While conducting the search and seizing evidence Dimas AMARO made several spontaneous statements to this Officer. He told me that it was not illegal to sell the boxes as he sent them with a disclaimer. He told me that he was not making much money on them and had not been in the business very long. He told me that after we had seized the packages at UPS that he had checked with his attorney and was assured that it was legal for him to sell the boxes.

Det James DYKAS searched the 2nd floor apartment of Joe AMARO whom appeared on scene while the search was conducted. Like Dimas, Joe confirmed that it was his apartment. Items seized from the apartment are listed on the return.

Items of particular interest sere $7,800 in US Currency in a dresser drawer (returned by order of court) An address book that Joe AMARO claims as his contained the numbers of WHOLESALE ELECTRONICS and CLEARVIEW along with notations describing particular models of cable converter boxes. (attachment #14 )

An invoice from Wholesale Electronics listing a quantity of 10. (attachment # 15) The date on the invoice is 7/17/2000. When cross referencing UPS shipping records I found that 1 package was delivered to 333 Cohannet St on 7/21/00. The shipper was listed as Wholesale Electronics.

While a computer and notes about operation were seized from this apartment as well they have since been returned. It appears that Joe AMARO was not conducting much of the internet business but all indications are that he was ordering all the boxes on his credit cards.

Like Dimas, Joe made several admissions to this Officer. He indicated to me that several police officers had purchased boxes. On a later date this officer was summoned by Joe AMARO to his residence. He wanted to know what was going on with this and asked what we did with his packages we took from UPS. He told me that he warned Dimas to get out of the business once he learned that packages had been seized. He further told me that Dimas did not make much money on them as he had to pay shipping and frequently received defective boxes back from customers.

On 6/21/01 Det Dennis SMITH was conducting a search of a partially finished basement at 333 Cohannet St. He located a paper bag with 6 Global Cable converter boxes. These boxes were in their original packaging and appeared ready for distribution.

On 6/25/01 Special Project Auditor Paul MARMELO ( AT&T) appeared at Taunton Police Department Hq. He proceeded test the converter boxes seized pursuant to search warrants at the UPS terminal and 333 Cohannet St. All seized from UPS with the exception of one were able to receive and de-scramble premium channels and pay-per view movies.

Of the six Global 2600 boxes seized at 333 Cohannet St on 6/21, only 2 were capable of de-scrambling premium stations. On closer examination it was found that these two units had an additional circuit board added inside.

The cable converter box purchased by JACOBS was tested as well and found to receive and de-scramble premium stations. All tested equipment is being held as evidence. (attachment #16)

EXHIBIT C

On 8/01/01 this officer applied for and received a search warrant allowing the search of seized computers for electronically stored info. The data being sought from computer memories would be evidentiary to the advertising for sale and sale of cable converter boxes along with any records of customer base or any other records relating to this matter.

On 8/02/01 S.A. James Mooney of the U.S. Secret Service met with this officer. He proceeded to remove the hard drives from: 1. Compaq Presario ser# 904FPM9L756  2. e-tower computer ser # QFKh011011351   3. Sony Notebook ser# 283060303108748  4. Compaq Laptop ser # G743HZA31316    5. Iomega Zip 250 ser# 04160000.

S.A. Mooney took the hard drives and Iomega Zip for a forensic examination.

On return of the hard drives after examination S.A. MOONEY provided this officer with downloaded hardcopy as to what he felt was relevant to the case.

1. From the Sony Notebook there were in excess of 350 entries containing name, address and amounts paid. Some of the entries also had dates. Of particular interest was entry number 318 which read as follows:

318)SENT-PAID-140.00-GL-William Jacobs,34 ShunpikeRd.,Suite3 PMB123,Cromwell CT.,

This entry would be consistent with the delivery that Investigator JACOBS reported. The converter he received was a Global and he paid $140 for it. It is the same address that he had listed when he ordered the converter.

This list recovered from the Sony Notebook computer matches with several other names found on postal mailing receipts. (attachment # 17 *A, B and C contain only pages taken from Sony Notebook that appear to contain info relative to this case. All other pages held for viewing)*

2. From the Compaq Presario there were several identical pages of disclaimer. There were also photos of cable converter boxes, address text for D's Electronics and a photo of Dimas AMARO (Attachment 18A) Most importantly was a written instruction on how to adjust a little green board inside the box. This page describes in detail how to adjust the screw to de-scramble (attachment 18B)

*( attachments are pages taken from Compaq Presario that contain info relative to this case. All other pages held for viewing)*

3   The Compaq Laptop was inoperable.

4   E-Tower computer contained no material of evidentiary nature

A memorandum report was submitted by S.A. Mooney (attachment 19 )

On 11/09/01 this officer appeared in New Bedford Probate Court after being summoned. While there I was approached by Joe AMARO. He appeared upset that I had not yet returned some of the items seized on 6/21. During this first encounter and a subsequent one on this day Joe told me that it was he that was selling the boxes and not Dimas. He said Dimas did not start selling until November. He threatened to expose other people that had purchased boxes from him if he ended up in court over this matter.

SUMMARY:  Information was provided that Joe and Dimas AMARO were selling cable converter boxes from 333 Cohannet St. Investigation showed that Dimas lived on the first floor while Joe lived on the second. Both of them had access to the basement. Information was that Joe sold converters locally while Dimas sold over the internet. VASCONCELLOS had witnessed both of the individuals selling boxes in the past.

Information developed from UPS confirmed that converter boxes were being sent to this residence. The new boxes from the distributor appeared to be going to Joe while the out of state return of defective

EXHIBIT C

boxes were going to Dimas. As a result of search warrants several converter boxes destined for the AMARO'S were seized.

Original information provided by WOOD appears to be correct. He stated on 3/01/01 that a large shipment was due that day. He later observed a FedX delivery of 2 packages. In addition an e-mail address was discovered by FRAPPIER where converter boxes were being advertised. This address is shown to be owned and used by Dimas AMARO. Dimas AMARO has made several admissions that he sold boxes through e-bay.

This investigation focused on a time period of July 2000 to present although it is believed that sales have been going on for years. Records would indicate a very high number of boxes. Indications are that every package delivered from a supplier would carry approximately 10 converter boxes. From July 2000 to February 2001 there were 108 packages delivered to 333 Cohannet St from converter box suppliers. Postal receipts seized indicated heavy mailings even after the AMARO's knew they were being looked at when their packages were seized from the UPS terminal. This meant that they either had a large supply of boxes on hand after March 2001 or they were getting them delivered to another location.

There is evidence that Dimas AMARO was using another address after March 1st. He would include info with his mailing instructing the buyer not to send a defective product back unless they first checked the address. It appears that D's Electronics was his front and that he was using 284 Middleboro Ave as an address. This is the address of his grandparents whom were not living in the house around the period of March and April 2001.

The purchase of a converter box by William Jacobs proved that Dimas AMARO was selling over the internet. Material recovered during a search warrant on 6/21/01 would support that when a mail receipt was found and info on JACOBS was found stored in a computer with several hundred other names. The seizure of nearly 1000 Priority Mailing Boxes would again support a heavy demand.

As indicated in the report both Dimas and Joe AMARO admit that they were selling boxes. Dimas tried to minimize it by stating that he sent a disclaimer with them and that his lawyer said it was OK. In addition he was willing to offer up ten to fifteen thousand dollars to settle any problem. While Joe did not appear to be involved in internet sale it appears that he did the ordering or at least paid for them with his credit card. He was in possession of phone numbers to the companies and readily admitted on more than one occasion that he had been selling them.

Based on the evidence supplied in this report I am seeking complaints on both Joe and Dimas AMARO in violation of M.G.L. 166 42 A & B



Submitted By;


Phillip Warish, Detective Lt.

8

EXHIBIT D

COMMONWEALTH OF MASSACHUSETTS
TRIAL COURT
TAUNTON DISTRICT COURT

BRISTOL, SS

DOC. NO.0231CR1054

COMMONWEALTH OF MASSACHUSETTS,
PLAINTIFF

VS

DIMAS AMARO,
DEFENDANT

Stipulation of Fact

It is hereby stipulated and agreed by and between the parties to the above-entitled cause, by their respective attorneys, that the defendant in fact published a disclaimer prior to selling any cable equipment specifically "cable box". As a matter of fact the defendant informed a purchaser that the purchaser must comply with all local, state and federal laws regarding the ownership of cable equipment. You must be subscribing to, full cable service and that you will pay for all services that you receive and that you will abide by all laws, Federal, State, and local, concerning the reception of cable television. You will notify your cable company before using any equipment. The defendant informed the purchaser that he [the defendant] in no way advocates unauthorized use or theft of cable services.

Respectfully submitted

Michael J. Suneson
Counsel for the defendant
56 North Main Street
Fall River Mass. 02720
bbo 488550
508-676-1888

1



# The Commonwealth of Massachusetts
## OFFICE OF THE
## DISTRICT ATTORNEY
### BRISTOL DISTRICT

PAUL F. WALSH, JR.
DISTRICT ATTORNEY

885 Purchase Street
P.O. Box 973
New Bedford, MA 02740
(508) 997-0711

## FACSIMILE COVER SHEET

TO: John McLaughlin, Esq

FAX No. (413) 586-0865

FROM: David Kolmec

DISTRICT ATTORNEY'S OFFICE – TAUNTON
5 POST OFFICE SQUARE
TAUNTON, MASSACHUSETTS 02780
Phone: (508) 823-8801 Fax: (508) 821-4028

TOTAL PAGES: 2 (including this cover sheet)

COMMENTS:

Dear John:

Enclosed, please find a copy of the stipulation of disclaimer.

Thanks,

David Kolmec

THIS FACSIMILE IS A CONFIDENTIAL COMMUNICATION. IF YOU HAVE RECEIVED IT IN ERROR, KINDLY NOTIFY THE SENDER AT THE ABOVE PHONE NUMBER.