UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS (Eastern Division)

| | |
|---|---|
| Comcast of Georgia/Massachusetts, Inc. and Comcast of Middletown, Inc. and Comcast of Boston, Inc. and Comcast of California/ Massachusetts/ Michigan/Utah, Inc. and Comcast of Maine/New Hampshire, Inc. and Comcast of Massachusetts I, Inc. and Comcast of Massachusetts II, Inc. and Comcast of Massachusetts III, Inc. and Comcast of Massachusetts/New Hampshire/Ohio, Inc. and Comcast of New Hampshire, Inc.<br><br>　　Plaintiffs,<br><br>　　　vs.<br><br>Joseph Amaro, Dimas Amaro, and Joseph Amaro and Dimas Amaro,  Jointly d.b.a.<br><br>CABLEJOINT and D's Electronics<br><br>　　Defendants | ) Case No.:  **04cv10414 RCL**<br>)<br>) **JOINT STATEMENT OF THE PARTIES**<br>) **PURSUANT TO LOCAL RULE 16.1(D)**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Now come the Plaintiffs, Comcast of Georgia/Massachusetts, Inc.  and Comcast of

Middletown, Inc. and Comcast of Boston, Inc. and Comcast of California/ Massachusetts/

Michigan/Utah, Inc. and Comcast of Maine/New Hampshire, Inc. and Comcast of Massachusetts

I, Inc. and Comcast of Massachusetts II, Inc. and Comcast of Massachusetts III, Inc. and Comcast

of Massachusetts/New Hampshire/Ohio, Inc. and Comcast of New Hampshire, Inc., pursuant to

Local Rule 16.1(D), do hereby submit the following Joint Statement to this Honorable Court.

## I.    PARTIES' CONFERENCE

John M. McLaughlin, Counsel for the Plaintiffs certifies that the Plaintiffs' Counsel wrote to Defendants' Counsel on September 22, 2004, informing Defendants' Counsel that Plaintiffs' Counsel was requesting a scheduling conference. This letter also requested that Defendants' Counsel call Plaintiffs' Counsel to discuss this case.  Since this letter, Defendants' Counsel has not contacted Plaintiffs' Counsel.  Therefore, this statement represents the Plaintiffs only and the Plaintiffs' beliefs and understandings based upon prior conversations with Defendants' Counsel.

## II.    SETTLEMENT PROPOSAL

Counsel for the Plaintiffs does hereby certify that he presented said Settlement Proposal to the Defendants.  Plaintiffs' Counsel also certifies that the same settlement proposal was made during a telephone conversation. At this time, the Defendants are apparently not in a position to accept the Plaintiffs' demand for settlement of the above matter.

## III.    MEDIATION

Plaintiffs are amenable to mediation and based upon prior phone conversations with Defendants' Counsel, we believe the Defendants are also amenable.  Should mediation be unsuccessful at resolving this matter this Court may set a date as the initiation date for Discovery ("Post Mediation Discover Initiation Date") said date being two weeks after the actual in-Court mediation.

## IV.    JOINT STATEMENT AS TO DISCOVERY/MOTIONS

The following represents the Agreement of the Plaintiffs and is submitted to the Court such that the Court can utilize same in devising the Scheduling Order.

1. **First Phase** of Discovery, **Non-expert Depositions and Paper Discovery** , 120 days From Post Mediation Discovery Initiation Date.

The Plaintiffs propose that the first phase of discovery be for developing information needed for a realistic assessment of the case.  This can best be achieved through Non-expert depositions and written discovery.

 The depositions of non-expert witnesses shall not exceed seven (7) hours per witness unless leave of the Court has been obtained or a written stipulation of the parties has been entered into to exceed said seven (7) hour limitation.  The parties may also utilize subpoena duces tecum in conjunction with these non-expert depositions.

The Plaintiffs propose that the written discovery shall include, but not limited to, interrogatories, requests for production, and requests for admissions.  Pursuant to Fed. R. Civ. P. 33, interrogatories shall be limited to 25 in number per party, including sub-parts.  Pursuant to Fed. R. Civ. P. 34, each party shall have the opportunity to submit two sets of requests for production of documents and things to the other parties.

2. **Second Phase** of Discovery, **Expert Discovery**, 120 days from the end of First Phase.

      a.     The Plaintiffs propose that the second phase of discovery is expert discovery.  To that end, the Plaintiffs propose that it shall disclose to the Defendants all experts relied upon by said Plaintiffs in its instant case no later than fifteen (15) days after the beginning of the second phase of discovery.  The Defendants shall disclose to the Plaintiffs all experts relied upon by the Defendants no later than thirty (30) days after the beginning of the second phase of discovery.

      b.     The parties shall then have the right to conduct written expert discovery; this written discovery is in addition to the written discovery conducted in phase one.  Written expert discovery shall be served by the close of business 60 days after the beginning of the second phase of discovery.  The interrogatories of experts shall

be no longer than fifteen questions, including sub-parts.  Each party shall be entitled to one set of request for production of documents concerning the designated experts.  Expert discovery is still subject to the usual obligations and privileges.

c.      The parties shall schedule all expert depositions to be held no later than 120 days after the beginning of the second phase of discovery.

d.      Absent the applicability of other provisions of this agreement set forth below all discovery should be completed by terminus date of the second phase of discovery, presumably 120 days after the beginning of the second phase of discovery. Discovery initiated but not completed in this phase, the first phase and the second phase may be completed in this third phase.

e.      During the second phase of discovery, which is presumably for expert discovery, each party shall also have the right to at least four (4) additional hours of non-expert depositions.  These depositions will be in addition to depositions referenced in earlier phases of discovery.

### 3. Motions

With respect to motions, the Plaintiffs submit that any motions filed under Fed. R. Civ. P. 12, 13, 14, and 15 shall be filed no later than sixty (60) days after the end of the final phase of discovery. Furthermore, motions pursuant to Fed. R. Civ. P. 56 shall be filed no later than 120 days after the end of the final phase of discovery.

## IV.    CERTIFICATION

The Plaintiffs certify that they have conferred with Counsel as to:

1.    Establishing a budget for the cost of conducting the full course and various alternative courses of litigation; and,

2.    To consider the resolution of litigation to the use of alternative dispute resolution programs.

## V.    CONSENT TO APPEAR BEFORE A MAGISTRATE

The Plaintiffs are amenable to Trial before a Magistrate.  Plaintiffs' Counsel does not know Defendants' stance on this issue. The Plaintiffs agree that the Scheduling Order can be altered by order of the Judge or a Magistrate.

Respectfully Submitted for the Plaintiffs,
By Its Attorney,

10/14/04
Date

/s/ John M. McLaughlin
John M. McLaughlin
Green, Miles, Lipton & Fitz-Gibbon
P.O. Box 210
77 Pleasant Street
Northampton, MA 01060
Telephone:  (413) 586-0865
BBO No. 556328

_____

Date

Deena Jarosz, Settlement and Collections Manager