UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

CASE NO. 04-10414RCL

| | |
|---|---|
| COMCAST OF GEORGIA/MASSACUSETTS, | ) |
| INC. and COMCAST OF MIDDLETOWN, INC. | ) |
| And COMCAST OF BOSTON, INC. and | ) |
| COMCAST OF CALIFORNIA/MASSACHUSETTS/ | ) |
| MICHIGAN/UTAH, INC. and COMCAST OF | ) DEFENDANTS' |
| MAINE/NEW HAMPSHIRE, INC. and COMCAST | ) AMENDED ANSWER |
| OF MASSACHUSETTS I, INC. and COMCAST | ) AND COUNTERCLAIM |
| OF MASSACHUSETTS II, INC. and COMCAST | ) |
| OF MASSACHUSETTS III, INC. and COMCAST | ) |
| OF MASSACHUSETTS/NEW HAMPSHIRE/ | ) |
| OHIO, INC. and COMCAST OF NEW | ) |
| HAMPSHIRE, INC., Plaintiffs | ) |
| vs. | ) |
| JOSEPH AMARO, DIMAS AMARO, and | ) |
| JOSEPH AMARO and DIMAS AMARO, JOINTLY, | ) |
| d.b.a. CALEJOINT and D'S ELECTRONICS, | ) |
| Defendants | ) |

1. The Defendants deny the allegations contained in ¶1 of the Plaintiffs' complaint.

2. The Defendants deny the allegations contained in ¶2 of the Plaintiffs' complaint.

3. The Defendants are without sufficient information to either admit or deny the

allegations contained in ¶3 of the Plaintiffs' Complaint and call upon the Plaintiffs to prove same.

4. The Defendants are without sufficient information to either admit or deny the allegations contained in ¶4 of the Plaintiffs' Complaint and call upon the Plaintiffs to prove same.

5. The Defendants are without sufficient information to either admit or deny the allegations contained in ¶5 of the Plaintiffs' Complaint and call upon the Plaintiffs to prove same.

6. The Defendants are without sufficient information to either admit or deny the allegations contained in ¶6 of the Plaintiffs' Complaint and call upon the Plaintiffs to prove same.

7. The Defendants are without sufficient information to either admit or deny the allegations contained in ¶7 of the Plaintiffs' Complaint and call upon the Plaintiffs to prove same.

8. The Defendants are without sufficient information to either admit or deny the allegations contained in ¶8 of the Plaintiffs' Complaint and call upon the Plaintiffs to prove same.

9. The Defendants are without sufficient information to either admit or deny the allegations contained in ¶9 of the Plaintiffs' Complaint and call upon the Plaintiffs to prove same.

10. The Defendants are without sufficient information to either admit or deny the allegations contained in ¶10 of the Plaintiffs' Complaint and call upon the Plaintiffs to prove same.

11. The Defendants are without sufficient information to either admit or deny the allegations contained in ¶11 of the Plaintiffs' Complaint and call upon the Plaintiffs to prove same.

12. The Defendants are without sufficient information to either admit or deny the allegations contained in ¶12 of the Plaintiffs' Complaint and call upon the Plaintiffs to prove same.

13. The Defendants admit the allegations contained in ¶13 of the Plaintiffs' Complaint.

14. The Defendants admit the allegations contained in ¶14 of the Plaintiffs' Complaint.

15. The Defendants deny that any cause of action lies pursuant to the cited statutes.

16. The Defendants deny that there is any cause of action giving rise to the jurisdiction and venue of this Honorable Court.

17. The Defendants are without sufficient information to either admit or deny the allegations contained in ¶17 of the Plaintiffs' Complaint and call upon the Plaintiffs to prove same.

18. The Defendants are without sufficient information to either admit or deny the allegations contained in ¶18 of the Plaintiffs' Complaint and call upon the Plaintiffs to prove same.

19. The Defendants are without sufficient information to either admit or deny the allegations contained in ¶19 of the Plaintiffs' Complaint and call upon the Plaintiffs to prove same.

20. The Defendants are without sufficient information to either admit or deny the allegations contained in ¶20 of the Plaintiffs' Complaint and call upon the Plaintiffs to prove same.

21. The Defendants are without sufficient information to either admit or deny the allegations contained in ¶21 of the Plaintiffs' Complaint and call upon the Plaintiffs to prove same.

22. The Defendants are without sufficient information to either admit or deny the allegations contained in ¶22 of the Plaintiffs' Complaint and call upon the Plaintiffs to prove same.

23. The Defendants deny the allegations contained in ¶23 of the Plaintiffs' Complaint.

24. The Defendants deny the allegations contained in ¶24 of the Plaintiffs' Complaint.

25. The Defendants deny the allegations contained in ¶25 of the Plaintiffs' Complaint.

26. The Defendants deny the allegations contained in ¶26 of the Plaintiffs' Complaint.

27. The Defendants deny the allegations contained in ¶27 of the Plaintiffs' Complaint.

28. The Defendants deny the allegations contained in ¶28 of the Plaintiffs' Complaint.

29. The Defendants deny the allegations contained in ¶29 of the Plaintiffs' Complaint.

30. The Defendants deny the allegations contained in ¶30 of the Plaintiffs' Complaint.

31. The Defendants deny the allegations contained in ¶31 of the Plaintiffs' Complaint.

32. The Defendants deny the allegations contained in ¶32 of the Plaintiffs' Complaint.

33. The Defendants deny the allegations contained in ¶33 of the Plaintiffs' Complaint.

34. The Defendants restate their answers to ¶¶ 1-33 above

35. The Defendants are without sufficient information to either admit or deny the allegations contained in ¶35 of the Plainitffs' Complaint and call upon the Plaintiffs to prove same.

36. The Defendants deny the allegations contained in ¶36 of the Plaintiffs' Complaint.

37. The Defendants deny the allegations contained in ¶37 of the Plaintiffs' Complaint.

not justify the jurisdictional amount pursuant to 28 U.S.C. §1332.

## FOURTH AFFIRMATIVE DEFENSE

The actions of the Defendants in the instant matter were privileged and permitted by law.

## FIFTH AFFIRMATIVE DEFENSE

Process in the instant matter is insufficient.

## SIXTH AFFIRMATIVE DEFENSE

Process in the instant matter is insufficiently served.

## SEVENTH AFFIRMATIVE DEFENSE

The Plaintiffs are not parties in interest and lack standing to assert the claims asserted.

## EIGHTH AFFIRMATIVE DEFENSE

The Plaintiffs assert claims for which relief cannot be granted.

WHEREFORE, the Defendants demand that the instant action be dismissed, with costs.

## DEFENDANTS' COUNTERCLAIM

87. The Defendants reaver all answers contained in ¶¶1-77 above and the First Through Eighth Affirmative Defenses.

89. The Defendants named herein are the Plaintiffs in Counterclaim

90. The Plaintiff named herein are the Defendants in Counterclaim.

91. On or about January 25, 2005, the Defendants in Counterclaim, their agents,

not justify the jurisdictional amount pursuant to 28 U.S.C. §1332.

### FOURTH AFFIRMATIVE DEFENSE

The actions of the Defendants in the instant matter were privileged and permitted by law.

### FIFTH AFFIRMATIVE DEFENSE

Process in the instant matter is insufficient.

### SIXTH AFFIRMATIVE DEFENSE

Process in the instant matter is insufficiently served.

### SEVENTH AFFIRMATIVE DEFENSE

The Plaintiffs are not parties in interest and lack standing to assert the claims asserted.

### EIGHTH AFFIRMATIVE DEFENSE

The Plaintiffs assert claims for which relief cannot be granted.

WHEREFORE, the Defendants demand that the instant action be dismissed, with costs.

### DEFENDANTS' COUNTERCLAIM

87. The Defendants reaver all answers contained in ¶¶1-77 above and the First Through Eighth Affirmative Defenses.

89. The Defendants named herein are the Plaintiffs in Counterclaim

90. The Plaintiff named herein are the Defendants in Counterclaim.

91. On or about January 25, 2005, the Defendants in Counterclaim, their agents,

Defendants/Plaintiffs in Counterclaim.

### COUNT IV (Conversion)

106  The Defendants/Plaintiffs in Counterclaim reaver the allegations contained in ¶¶1-105 above.

107. The unauthorized actions by the Plaintiffs/Defendants in Counterclaim, their agents, servants, employees, contractors, and attorneys constitute an unlawful conversion of personal property and chattels in the possession and control of the Defendants/Plaintiffs in Counterclaim.

### COUNT V (Fraud)

108  The Defendants/Plaintiffs in Counterclaim reaver the allegations contained in ¶¶1-107 above.

109.  The pose of the purported service technician was actually a ruse to fraudulently and illegally obtain evidence in connection with the instant litigation

110.  The unauthorized actions by the Plaintiffs/Defendants in Counterclaim, their agents, servants, employees, contractors, and attorneys constitute a fraud upon the Defendants/Plaintiffs in Counterclaim.

### COUNT VI (Unfair Trade Practices Under M. G. L. c. 93A)

111  The Defendants/Plaintiffs in Counterclaim reaver the allegations contained in ¶¶1-110 above.

112.  The Plaintiffs/Defendant in Counterclaim are engaged in trade or business within the Commonwealth of Massachusetts.

113.  The unauthorized actions by the Plaintiffs/Defendants in Counterclaim, their agents, servants, employees, contractors, and attorneys constitute unfair and deceptive

servants, employees, contractors, or attorneys, caused someone purporting to be a service technician for the Plaintiffs/Defendants in Counterclaim to appear at 333 Cohannet Street, Taunton, Bristol County, Massachusetts, which property is owned by a realty trust under the direction of the parents of the Defendants/Plaintiffs in Counterclaim and portions of which are occupied by the Defendants/Plaintiffs in Counterclaim as their principal residence.

92. When this purported service technician appeared the Defendants/Plaintiffs in Counterclaim were not at home.

93. When this purported service technician appeared, 333 Cohannet Street, Taunton was occupied by the mother of the Defendants/Plaintiffs in Counterclaim, who was present to care for the infant child of the Plaintiff/Defendant in Counterclaim Dimas Amaro while the child's parents were at work.

94. The mother of the Defendants/Plaintiffs in Counterclaim was born in Portugal and has limited proficiency in the English language.

95. When the purported service technician appeared, the mother of the Defendants/Plaintiffs in Counterclaim was speaking on the telephone.

96. When the purported service technician appeared, the mother of the Defendants/Plaintiffs in Counterclaim signaled to him to wait until she had completed here telephone conversation.

97. Notwithstanding the gesture by the mother of the Defendants/Plaintiffs in Counterclaim, the purported service technician forced his way into the premises at 333 Cohannet Street, Taunton.

98. Upon his entry onto the premises, the purported service technician began to

Defendants/Plaintiffs in Counterclaim.

### COUNT IV (Conversion)

106  The Defendants/Plaintiffs in Counterclaim reaver the allegations contained in ¶¶1-105 above.

107.  The unauthorized actions by the Plaintiffs/Defendants in Counterclaim, their agents, servants, employees, contractors, and attorneys constitute an unlawful conversion of personal property and chattels in the possession and control of the Defendants/Plaintiffs in Counterclaim.

### COUNT V (Fraud)

108  The Defendants/Plaintiffs in Counterclaim reaver the allegations contained in ¶¶1-107 above.

109.  The pose of the purported service technician was actually a ruse to fraudulently and illegally obtain evidence in connection with the instant litigation

110.  The unauthorized actions by the Plaintiffs/Defendants in Counterclaim, their agents, servants, employees, contractors, and attorneys constitute a fraud upon the Defendants/Plaintiffs in Counterclaim.

### COUNT VI (Unfair Trade Practices Under M. G. L. c. 93A)

111  The Defendants/Plaintiffs in Counterclaim reaver the allegations contained in ¶¶1-110 above.

112.  The Plaintiffs/Defendant in Counterclaim are engaged in trade or business within the Commonwealth of Massachusetts.

113.  The unauthorized actions by the Plaintiffs/Defendants in Counterclaim, their agents, servants, employees, contractors, and attorneys constitute unfair and deceptive

trade practices pursuant to M. G. G. c. 93A.

### COUNT VII (Violation of Civil Rights Pursuant to M. G. L. c. 12, §§11H and 11I)

114 The Defendants/Plaintiffs in Counterclaim reaver the allegations contained in ¶¶1-113 above.

115. The unauthorized actions by the Plaintiffs/Defendants in Counterclaim, their agents, servants, employees, contractors, and attorneys constitute a violation of the rights of the Defendants/Plaintiffs in Counterclaim under the Constitutions of the United States and the Commonwealth of Massachusetts pursuant to M. G. L. c. 12, §§11H and 11I.

### COUNT IX (Violation of Civil Rights Pursuant to 42 U. S. C., §1983

116 The Defendants/Plaintiffs in Counterclaim reaver the allegations contained in ¶¶1-115 above.

117. The Plaintiffs/Defendants in Counterclaim operate within the City of Taunton under a monopolistic franchise granted to them by the Mayor of the City of Taunton pursuant to the laws of the Commonwealth of Massachusetts.

118. Operating under such franchise, the Plaintiffs/Defendants in Counterclaim, their agents, servants, employees, contractors, and attorneys act in the public trust as public officials.

119. The unauthorized actions by the Plaintiffs/Defendants in Counterclaim, their agents, servants, employees, contractors, and attorneys constitute state action in violation of the rights of the Defendants/Plaintiffs in Counterclaim under the Constitution of the United States pursuant to 42 U. S. C, §1983.

WHEREFORE, the Defendants/Plaintiffs in Counterclaim Demand:

A. The suppression of any and all evidence obtained as a result of the unlawful

entry of the service technician on or about January 25, 2005;

    B. The return of any and all property unlawfully converted or seized as a result of the unlawful entry of the service technician on or about January 25, 2005;

    C. Reasonable monetary damages;

    D. Punitive monetary damages pursuant to relevant statutes;

    E. Costs of this action;

    F. Reasonable attorney's fees, and

    G. Such other relief as this Honorable Court shall deem to be equitable and just.

JOSEPH AMARO

DIMAS AMARO

By their attorney,

*/s/ Jordan H. F. Fiore*

Jordan H. F. Fiore

BBO#166800

One Taunton Green

P. O. Box 2331

Taunton, MA 02780

(508)821-9491

March 25, 2005

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing answer on plaintiffs' counsel by mailing a copy of same, first class postage prepaid, to John M. McLaughlin, Esquire, Green, Miles, Lipton & Fitz-Gibbon, 77 Pleasant Street, P. O. Box 210 Northampton, MA 01061-0210

_____
Jordan H. F. Fiore

March 25, 2005