# UNITED STATES DISTRICT COURT

## DISTRICT OF MASSACHUSETTS (EASTERN DIVISION)

| | |
|---|---|
| Comcast of Georgia/Massachusetts, Inc. and Comcast of Middletown, Inc. and Comcast of Boston, Inc. and Comcast of California/ Massachusetts/ Michigan/Utah, Inc. and Comcast of Maine/New Hampshire, Inc. and Comcast of Massachusetts I, Inc. and Comcast of Massachusetts II, Inc. and Comcast of Massachusetts III, Inc. and Comcast of Massachusetts/New Hampshire/Ohio, Inc. and Comcast of New Hampshire, Inc.<br><br>**Plaintiffs,**<br><br>vs.<br><br>**Joseph Amaro, Dimas Amaro, and Joseph Amaro and Dimas Amaro, Jointly d.b.a. CABLEJOINT and D's Electronics**<br><br>**Defendants** | Case No.: **04-cv-10414-RCL**<br><br>**AFFIDAVIT OF ATTORNEY IN**<br><br>**SUPPORT OF AMENDED MOTION TO**<br><br>**AMEND SCHEDULING ORDER** |

Now comes the affiant, and makes this his sworn statement, under the pains and penalties of perjury, of his own personal knowledge.

### FACTUAL ASSERTIONS

1. I am Counsel for the Plaintiffs in this Action.
2. Eduarda Amaro, the mother of the Defendants, was noticed and was served a subpoena for her deposition on October 4, 2005 but she did not appear for that deposition. It was claimed by her husband that she was ill. I am now trying to reschedule that deposition. Her testimony is important in that her name appears on one of the pertinent invoices regarding the purchase of cable devices. See the copy of the pertinent invoice attached here two as **"Exhibit A."**

Page    1

3. On detailed examination of the Defendants' discovery response I found it to be incomplete. I am trying to work out these issues with Defense Counsel but he has not returned my calls, though I called him at his office and on his cell phone early last week. I hope that the Discovery response issues can be worked out between the Parties, but I reserve the right to bring a Motion to Compel should that be necessary

4. At the deposition of the Defendants on October 4, 2005 the Defendants gave testimony totally at odds with the factual stipulations they made in the state criminal cases related to their distribution of cable devices. This testimony can possibly give rise to a motion *in limine*, as to whether they are Judicially Estopped from now taking factual positions contra to the positions they took in the criminal prosecution.

5. This situation with the Defendant's civil testimony so varying from their stipulation in their criminal cases complicates Discovery. I am awaiting transcripts of their depositions and a transcript of tape of their criminal trial to review before deciding whether to bring such an *in limine* motion. This may require further time than was originally contemplated

6. I had listened to that tape of the Defendant's criminal trial. In light of what transpired in their criminal prosecutions I reasonably believed that certain matters that were admitted in the criminal court would now be admitted in the civil prosecution but does not now appear to be the case. This may also necessitate some additional time to deal with more complicated discovery issues.

Subscribed and sworn under the pains and penalties of perjury

                                     Respectfully Submitted for the Plaintiff,
                                     By Its Attorney

10/28/05                      /s/ John M. McLaughlin
Date                         John M. McLaughlin (BBO: 556328)