UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS (EASTERN DIVISION)

| | |
|---|---|
| **Comcast of Georgia/Massachusetts, Inc. and Comcast of Middletown, Inc. and Comcast of Boston, Inc. and Comcast of California/ Massachusetts/ Michigan/Utah, Inc. and Comcast of Maine/New Hampshire, Inc. and Comcast of Massachusetts I, Inc. and Comcast of Massachusetts II, Inc. and Comcast of Massachusetts III, Inc. and Comcast of Massachusetts/New Hampshire/Ohio, Inc. and Comcast of New Hampshire, Inc.**<br><br>    **Plaintiffs,**<br><br>        vs.<br><br>**Joseph Amaro, Dimas Amaro, and Joseph Amaro and Dimas Amaro, Jointly d.b.a. CABLEJOINT and D's Electronics**<br><br>    **Defendants** | Case No.: **04-cv-10414-RCL**<br><br>**MOTION TO SEAL CERTAIN EXHIBITS FROM PUBLIC VIEWING** |

Now come the Plaintiffs in the above referenced action and they move this Court for an order sealing from the public viewing certain exhibits the Plaintiff intends to file with an up-coming Motion for Summary Judgment. Specifically, the Plaintiffs move that:

1. They be allowed to file by disc certain computer records and PayPal records which both are extremely lengthy and both contain hundreds of individuals' home addresses;

2. The discs that are filed be sealed as to the public.

As grounds for this motion, the Plaintiffs state:

---

**Certification pursuant to LR D. Mass 7.1 (A) (2)**
Plaintiff's Counsel certifies that he called Defendant's Counsel prior to this motion and has not heard back from Defendant's Counsel. Plaintiff's Counsel has called Defendant's Counsel on multiple occasions over the past few weeks and have yet to receive a return call.

1. The subject computer records and PayPal records are extremely long. The PayPal record, if put on paper, would be over 800 pages.

2. Both the PayPal records and the computer records contain over a thousand home addresses of individuals who are not parties to this action.

3. In any event, the exhibits themselves would most likely have to be filed on a disc in that they would probably be too long for PDF electronic filing.

4. To extricate all of the home addresses from the pertinent documents would be extremely time-consuming for Plaintiff's Counsel and it would obliterate large segments of the pertinent documents.

5. In further support see Affidavit of John M. McLaughlin.

WHEREFORE the Plaintiffs move that they be allowed to file the computer records and the PayPal records by hard copy on CDs and that the CDs be sealed from the general public in order to protect the privacy of hundreds of individuals who are not parties to this action. The Plaintiffs still intend to file affidavits relating to these exhibits by PDF electronically.

| | |
|---|---|
| <u>1/24/2006</u><br>Date | <u>/s/</u> John M. McLaughlin<br>John M. McLaughlin, Esq.<br>**Green, Miles, Lipton & Fitz-Gibbon LLP**<br>77 Pleasant Street<br>P.O. Box 210<br>Northampton, MA 01061-0210<br>Telephone (413) 586-0865<br>BBO No. 556328 |