UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS (EASTERN DIVISION)

| | |
|---|---|
| Comcast of Georgia/Massachusetts, Inc. and Comcast of Middletown, Inc. and Comcast of Boston, Inc. and Comcast of California/ Massachusetts/ Michigan/Utah, Inc. and Comcast of Maine/New Hampshire, Inc. and Comcast of Massachusetts I, Inc. and Comcast of Massachusetts II, Inc. and Comcast of Massachusetts III, Inc. and Comcast of Massachusetts/New Hampshire/Ohio, Inc. and Comcast of New Hampshire, Inc.<br><br>    Plaintiffs,<br><br>    vs.<br><br>Joseph Amaro, Dimas Amaro, and Joseph Amaro and Dimas Amaro, Jointly d.b.a. CABLEJOINT and D's Electronics<br><br>    Defendants | Case No.: **04-cv-10414-RCL**<br><br>**PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT** |

    The Plaintiffs, by their undersigned Attorney, pursuant to Rule 56 of the Federal Rules of Civil Procedure move for partial summary judgment against the Defendants, jointly and severally. Rule 56(c) of the Federal Rules of Civil Procedure provides that a motion for summary judgment may be granted "if there is no genuine issue as to any material fact and … the moving party is entitled to judgment as a matter of law". The

---

**Certification pursuant to LR D. Mass 7.1 (A) (2)**
Plaintiff's Counsel certifies that he called Defendant's Counsel prior to this motion and has not heard back from Defendant's Counsel. Plaintiff's Counsel has called Defendant's Counsel on multiple occasions over the past few weeks and has yet to receive a return call.

Plaintiffs respectfully represent that there is no genuine issue of fact as to the assertions set forth below and that the Plaintiffs are therefore entitled to Judgment as a matter of Law.  Specifically, the Plaintiffs' assert that the grounds for this Summary Judgment are as follows:

1. The Plaintiffs are in the business of distributing cable television signals throughout Comcast's various franchise regions in New England.

2. In order to protect their signals and maintain the value of their services, the Plaintiffs electronically encrypted and/or scrambled some of their signals (premium channels and pay-per-view signals) so that they had to first be decoded by electronic decoding equipment in order to be viewed clearly on a television receiver.

3. The Plaintiffs' legitimate authorized decoding equipment can be "addressed" by their computers. This means that the decoding equipment will take instructions from the cable company and will then only descramble the signals a subscriber is authorized to receive. A subscriber is authorized to receive those signals that he/she pays for.

4. The encryption and scrambling of the Plaintiffs' signals are technological measures that effectively control access to their signals.  And the Plaintiffs' signals predominately consist of Works protected by Title 17 U.S.C.

5. Non-addressable coaxial cable television descrambling devices have the ability to descramble cable television signals without being "addressed" from a cable television company's computer. That means these devices can descramble signals without the authorization of the cable television company.

6. There is no legitimate purpose for a non-addressable coaxial cable television descrambling device. Their only purpose is for the unauthorized interception of cable television signals through the unauthorized descrambling of premium channels and pay-per-view signals. These devices are sometimes referred to and will hereinafter be referred to as "black boxes".

7. The Defendants operated a commercial for-profit business with reference to the sale and distribution of black boxes.

8. The Defendants distributed and/or sold black boxes with the intention that the black boxes would be of assistance in the unauthorized reception of cable television service in violation of provisions of Title 47 U.S.C. § 553 as further set forth in Count II of the Complaint.

9. The Defendants distributed and/or sold black boxes that were primarily designed or produced for the purpose of circumventing a technological measure that effectively controlled access to a work protected under Title 17 U.S.C. in violation of provisions of Title 17 U.S.C. 1201 as further set forth in Count I of the Complaint.

10. Said business was an unfair trade practice in violation of M.G.L. Ch. 93A § 2 and § 11 as further set forth in Counts I, II, and III of the Complaint.

11. The Defendants received at least $130,000.00 in income derived from their sale and distribution of black boxes.

12. From June 01, 2000 through June of 2001 the defendants sold and/or distributed, for commercial profit, at least 1,700 black boxes.

13. Of the 1,700 black boxes sold and/or distributed by the Defendants, at least 110 black boxes were sold and/or distributed by the Defendants into the cable television franchise areas of the Plaintiffs in this Action and 86 of the those 110 were sold and/or distributed after October 28, 2000.

14. The actual damages associated with these 110 black boxes sold and/or distributed by the Defendants into the cable television franchise areas of the Plaintiffs in this Action is approximately, at least, $372,460.00.

15. The Defendants Federal statutory violations were committed willfully and for purposes of commercial advantage or private financial gain; as such, pursuant to provisions of 47 U.S.C. § 553, the award against them should be increased by $50,000.00

16. The Defendants' actions in selling and distributing black boxes were willful and knowing violations of M.G.L. Ch. 93A § 2; as such, M.G.L. Ch. 93A § 11 provides that this Court must double and should, with these facts, treble the damages assessed on the "underlying transaction".

17. Additionally, 47 U.S.C. § 553(c)(2)(C) and/or 17 U.S.C. § 1203(b)(5) and/or provisions of M.G.L. Ch. 93A provide for costs and attorneys' fees. The Plaintiffs seek said recovery, but they intend to specify in detail same by Affidavit after the ruling on this Motion.

In further support of this Motion see:

    a. The Plaintiffs' Local Rule 56(a)1 Statement of Facts.

    b. The multiple Affidavits and Exhibits supporting this Motion; and

    c. The Plaintiffs Memorandum in support of this Motion.

**Wherefore**, for the foregoing reasons and for the reasons set forth in the Plaintiffs' Memorandum and other accompanying documentation, the Plaintiffs pray, in the alternative, that this Court:

I. **COUNT I, Digital Millennium Copyright Act, Statutory Damages**

Make an award, as set forth below, for Statutory Damages for violations of 17 U.S.C. § 1201 pursuant to Count I of the Complaint, specifically:

A. Find that the Defendants, Dimas Amaro and Joseph Amaro are jointly and severally liable to the Plaintiffs in the amount of $215,000.00, which represents $2,500.00 for each of the 86 black boxes that were distributed and/or trafficked and/or manufactured into the franchise areas of the Plaintiffs' in violation of 17 U.S.C. § 1201 after the effective date of that statute, pursuant to Count I of the Complaint.

B. Find that the Defendants are liable for attorney's fees, costs, and investigative costs under provisions of 17 U.S.C. § 1203(b)(5) and conduct such hearings or investigations as may be necessary to determine the amount of the Plaintiffs' recoverable attorney's fees, costs, and investigative costs

    C.   Grant to the Plaintiffs such other and further relief as is just and necessary.

**Or, in the alternative, with the Plaintiffs hereby selecting whichever alternative results in the highest award,**

    **II. COUNT II, 47 U.S.C 553, Actual Damages and Exemplary Damages**

    Make an award, as set forth below, for Actual Damages and Exemplary Damages for violations of Title 47 U.S.C 553 pursuant to Count II of the Complaint, specifically:

    A.   Find that the Defendants, Dimas Amaro and Joseph Amaro are jointly and severally liable to the Plaintiffs in the amount of $372,460.00 for the actual damages caused by the Defendants through the sale and distribution of black boxes into the franchise areas of the Plaintiffs.

    B.   Increase the award against the Defendants by $50,000.00 because the Federal statutory violations were committed willfully and for purposes of commercial advantage or private financial gain pursuant to provisions of 47 U.S.C. § 553.

    C.   Enter judgment in the amount of $422,460.00 against the Defendants, Dimas Amaro, and Joseph Amaro, jointly and severally.

    D.   Find that the Defendants are liable for attorney's fees, costs, and investigative costs under provisions of 47 U.S.C. § 553(c)(2)(C) and conduct such hearings or investigations as may be necessary to determine

the amount of the Plaintiffs' recoverable attorney's fees, costs, and investigative costs

E. Grant to the Plaintiffs such other and further relief as is just and necessary

**Or, in the alternative, with the Plaintiffs hereby selecting whichever alternative results in the highest award,**

### III. COUNT II, 47 U.S.C 553, Profits and Exemplary Damages

Make an award, as set forth below, of profits and Exemplary Damages, an Adjudication pursuant to Title 47 U.S.C 553, Count II of the Complaint, specifically:

A. Find that the Defendants, Dimas Amaro, Joseph Amaro d/b/a CABLEJOINT and d/b/a D's Electronics are jointly and severally liable to the Plaintiffs in the amount of $130,000.00 for the Defendant's profits derived from their sales and distribution of black boxes in accordance with provisions of Title 47 U.S.C 553

B. Increase the award against the Defendants by $50,000.00 because their Federal statutory violations were committed willfully and for purposes of commercial advantage or private financial gain pursuant to provisions of 47 U.S.C. § 553.

C. Enter judgment in the amount of $180,000.00 against the Defendants, Dimas Amaro and Joseph Amaro, jointly and severally.

    D.  Find that the Defendants are liable for attorney's fees, costs, and investigative costs under provisions of 47 U.S.C. § 553(c)(2)(C) and conduct such hearings or investigations as may be necessary to determine the amount of the Plaintiffs' recoverable attorney's fees, costs, and investigative costs

    E.  Grant to the Plaintiffs such other and further relief as is just and necessary.

**Or, in the alternative, with the Plaintiffs hereby selecting whichever alternative results in the highest award**,

    **IV.  COUNT III, Massachusetts Unfair Trade Practices Ch. 93A § 2 and § 11, Tripling of Actual Damages.**

Make an award, as set forth below for Actual Damages, as calculated in Count II above and triple that damage award pursuant to Ch. 93A § 2 and § 11, Count III of the Complaint, specifically:

    A.  Find that the Defendants, Dimas Amaro, and Joseph Amaro, are jointly and severally liable to the Plaintiffs in the amount of $372,460.00 for the actual damages caused by the Defendants through the sale and distribution of black boxes into the franchise areas of the Plaintiffs.

    B.  Find that the Defendants' actions in selling and distributing black boxes are willful and knowing violations of M.G.L. Ch. 93A § 2; as such treble the damages assessed under on the "underlying transaction" for a total damage award of $1,117,380.00 pursuant to provisions of M.G.L. Ch. 93A § 11.

    C.  Enter judgment in the amount of $1,117,380.00 against the Defendants, Dimas Amaro and Joseph Amaro, jointly and severally.

    D.  Find that the Defendants are liable for attorney's fees, costs, and investigative costs under provisions of both M.G.L. Ch. 93A § 11 and conduct such hearings or investigations as may be necessary to determine the amount of the Plaintiffs' recoverable attorney's fees, costs, and investigative costs

    B.  Grant to the Plaintiffs such other and further relief as is just and necessary.

Respectfully Submitted for the Plaintiffs
By their Attorney,

2/02/2006       /s/ John M. McLaughlin
Date       John M. McLaughlin
**Green, Miles, Lipton & Fitz-Gibbon LLP**
77 Pleasant Street
P.O. Box 210
Northampton, MA 01061-0210
(413) 586-0865