UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS (EASTERN DIVISION)

| | |
|---|---|
| Comcast of Georgia/Massachusetts, Inc. and Comcast of Middletown, Inc. and Comcast of Boston, Inc. and Comcast of California/ Massachusetts/ Michigan/Utah, Inc. and Comcast of Maine/New Hampshire, Inc. and Comcast of Massachusetts I, Inc. and Comcast of Massachusetts II, Inc. and Comcast of Massachusetts III, Inc. and Comcast of Massachusetts/New Hampshire/Ohio, Inc. and Comcast of New Hampshire, Inc.<br><br>　　Plaintiffs,<br><br>　　vs.<br><br>Joseph Amaro, Dimas Amaro, and Joseph Amaro and Dimas Amaro, Jointly d.b.a. CABLEJOINT and D's Electronics<br><br>　　Defendants | Case No.: **04-cv-10414-RCL**<br><br>**AFFIDAVIT OF RENEE ENOS IN SUPPORT OF THE PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** |

　　Now comes the affiant, Renee Enos. She makes this her sworn statement, under the pains and penalties of perjury and of her own personal knowledge:

1. I am an employee of United Parcel Service (UPS). Presently I work in the security department out of the Worcester, Massachusetts facility.

2. During the spring of 2001 I worked in the security department for UPS in our Brockton, Massachusetts facility.

3. I am familiar with all the records regarding this matter. The records were kept in the normal course of business and I have reviewed said records before making this affidavit.

4. UPS has a policy that strictly bans utilization of our services for the transportation of Illegal devices. This ban would cover the transportation of illegal black market cable descrambling devices, so called "black boxes".

5. In March, 2001 UPS was contacted by officials from the AT&T Broadband cable television company. I was informed that particular shipments (packages) going through our Brockton, Massachusetts facility and destined for the Defendants in this action at their 333 Cohannet Street, Taunton, Massachusetts home were actually shipments of illegal black boxes.

6. In conformity with our policy, we intercepted and examined these shipments. The shipments were confirmed by AT&T Broadband personnel to indeed contain illegal black boxes.

7. I later cooperated in handing over the subject shipments (packages) to the Taunton Massachusetts police department upon their presentation of the warrant for the subject packages.

8. The shipments in question were all destined for the Defendants' home at 333 Cohannet Street, Taunton, Massachusetts and consisted of:

   a. A certain package from Cheryl Brown and addressed to the Defendant, Dimas Amaro. The package contained three (3) cable boxes and a letter from Ms. Brown. See affidavit of Marmelo, *Package #1.*

    b.    A certain package from Wholesale Electronics and addressed to the Defendant, Joe Amaro. The package contained eight (8) cable boxes, numerous yellow stickers on the cable boxes and an invoice from Wholesale Electronics. See affidavit of Marmelo, *Package #2.*

    c.    A certain package from Wholesale Electronics and addressed to the Defendant, Joe Amaro. The package contained twelve (12) cable boxes, and an invoice from Wholesale Electronics. See affidavit of Marmelo, *Package #3.* .

    d.    A certain package from Custom Products Corporation in Ohio and addressed to the Defendant, Dimas Amaro. The package contained one (1) cable box. See affidavit of Marmelo, *Package #4.* .

    e.    A certain package from an individual in Pennsylvania and addressed to the Defendant, Dimas Amaro. The package contained one (1) cable box and a written statement See affidavit of Marmelo, *Package #5.*

9. In furtherance of the investigation into this matter I did an examination of our records of shipments into the Defendants address. Attached here to as **Exhibit A** are the records resulted from that examination.

10. The records of shipments into the Defendants' address of 333 Cohannet Street, Taunton, Massachusetts evidence considerable number of shipments. In fact, between January 10, 2000 and February 26, 2001 UPS made at least 54 separate deliveries to this address consisting of at least 114 packages.

11. I can make no statement as to what was in any of these particular packages that were delivered to the Defendants; however, there were at least 26 shipments of approximately 69 packages from "Wholesale Electronics" the same shipper listed on two the intercepted packages referenced above.

12. There were at least 2 shipments of approximately 11 packages from "Global Cable, Inc."

13. There was at least 1 shipment of approximately 10 packages from "Clearview Electronics."

Subscribed and sworn to, under the pains and penalties of perjury, this 24th day of January, 2006.

_____
Renee Enos