UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

CASE NO. 04-10414RCL

| | |
|---|---|
| COMCAST OF GEORGIA/MASSACUSETTS, ) | |
| INC. and COMCAST OF MIDDLETOWN, INC. ) | |
| And COMCAST OF BOSTON, INC. and ) | |
| COMCAST OF CALIFORNIA/MASSACHUSETTS/ ) | |
| MICHIGAN/UTAH, INC. and COMCAST OF ) | |
| MAINE/NEW HAMPSHIRE, INC. and COMCAST ) | |
| OF MASSACHUSETTS I, INC. and COMCAST ) | |
| OF MASSACHUSETTS II, INC. and COMCAST ) | |
| OF MASSACHUSETTS III, INC. and COMCAST ) | **MOTION TO** |
| OF MASSACHUSETTS/NEW HAMPSHIRE/ ) | **VACATE JUDGMENT** |
| OHIO, INC. and COMCAST OF NEW ) | |
| HAMPSHIRE, INC., Plaintiffs ) | |
| vs. ) | |
| JOSEPH AMARO, DIMAS AMARO, and ) | |
| JOSEPH AMARO and DIMAS AMARO, JOINTLY, ) | |
| d.b.a. CABLEJOINT and D'S ELECTRONICS, ) | |
| Defendants ) | |

    Now come the Defendants in the above-entitled matter, by their attorney, and moves that this Honorable Court vacate the Judgment of made against them by this Honorable Court.  As grounds for this motion, counsel states that he received no copies of

any pleadings nor notice of any proceedings from this Honorable Court after January 1, 2006. Counsel had filed an appearance with his answer and had appeared before this Court on several occasions, but had not completed registration for the electronic filing system. Further, counsel had reason to believe that the Plaintiffs might not seek to continue with the litigation, since discovery had indicated that the Defendants had limited means and might not be able to satisfy judgment or costs in the instant matter, making the incurring of additional costs and attorney's fees by the Plaintiffs fruitless. The Defendants also contend that they have valid triable issues of fact.

                JOSEPH AMARO
                DIMAS AMARO
                By their attorney,

                Jordan H. F. Fiore, Esquire
                BBO#166800
                One Taunton Green
                P. O. Box 2331
                Taunton, MA 02780
                (508)821-9491

March 6, 2007

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

CASE NO. 04-10414RCL

| | | |
|---|---|---|
| COMCAST OF GEORGIA/MASSACUSETTS, | ) | |
| INC. and COMCAST OF MIDDLETOWN, INC. | ) | |
| And COMCAST OF BOSTON, INC. and | ) | |
| COMCAST OF CALIFORNIA/MASSACHUSETTS/ | ) | |
| MICHIGAN/UTAH, INC. and COMCAST OF | ) | |
| MAINE/NEW HAMPSHIRE, INC. and COMCAST | ) | **AFFIDAVIT OF** |
| OF MASSACHUSETTS I, INC. and COMCAST | ) | **JORDAN H. F. FIORE** |
| OF MASSACHUSETTS II, INC. and COMCAST | ) | **IN SUPPORT OF** |
| OF MASSACHUSETTS III, INC. and COMCAST | ) | **MOTION TO** |
| OF MASSACHUSETTS/NEW HAMPSHIRE/ | ) | **VACATE JUDGMENT** |
| OHIO, INC. and COMCAST OF NEW | ) | |
| HAMPSHIRE, INC., Plaintiffs | ) | |
| vs. | ) | |
| JOSEPH AMARO, DIMAS AMARO, and | ) | |
| JOSEPH AMARO and DIMAS AMARO, JOINTLY, | ) | |
| d.b.a. CABLEJOINT and D'S ELECTRONICS, | ) | |
| Defendants | ) | |

I, Jordan H. F. Fiore, do hereby state and depose that I am an attorney at law with offices at One Taunton Green, Taunton, Bristol County, Massachusetts, and that I have been a member of the bar of the Commonwealth of Massachusetts since December 18,

1980 and of this Honorable Court since January 14, 1982. I further state that I have been involved as counsel for the Defendants in this case since 2004, have filed documents in this case, and have appeared twice before Judge Reginald Lindsey and once before Magistrate Judge Robert Collings in this matter. I was aware of the Court's re-registration program and transition to online filing in 2005 and had prepared a re-registration application, but had not filed it largely because I was having difficulty obtaining and loading affordable software onto my computer to get into compliance. I was undergoing the same transition in the Bankruptcy Court, in which I practice a little more frequently. I was not aware that a deadline for compliance had been set in this Court, though I was working with the compliance and deadline in the Bankruptcy Court and completed their training course in the spring of 2006. Prior to January 1, 2006, I received mailed hardcopy notices relating to this case and after January 1, 2006 and even after my getting compliant software to work in 2006, the Bankruptcy Court continued to send me hard copies in addition to emails. On at least two occasions after I had completed the training in the Bankruptcy Court, I had scanned documents into their system at the Courthouse because my own computer had not yet been upgraded and I received calls from them urging me to take the class which I had already taken and to get onto the online service.

     I received nothing from this Honorable Court after January 1, 2006 and it is my understanding that I was eliminated as counsel from the docket because I had not completed the re-registration. The Court had all my contact information to be able to work with me on getting notice to me by email and, because I include my email address on my business stationery and business cards, Attorney McLaughlin for the Plaintiffs had

been communicating with me by email and had assumed that I had completed re-registration. I also received email communication from Judge Collings' clerk in December of 2004, so my email address was available to the Court. The instant matter is the only case that I have had pending in District Court over the past two years, so there is little additional reason for me to have had regular communication with the Court.

Throughout much of 2005, I was working with Attorney McLaughlin on disclosures and discovery. Attorney McLaughlin had conducted a detailed investigation of the finances of the Defendants. He thought that the Defendants had considerable means to settle the case or to satisfy a judgment. However, there was much confusion because the Defendant Joseph Amaro, also known as Joe Amaro, has a similar name to his father, Jose Amaro and because the Defendants live in a building which their parents own and in which their parents operate a mobile catering business in which the Defendant Dimas Amaro works. Also, while the Defendant Dimas Amaro shows over Two Hundred Thousand ($200,000.00) Dollars of transactions in his PayPal account, that indicates a volume of both selling and buying and in deposition testimony on October 7, 2005 of the Defendants and their father, it became clear that the Defendants' parents were not involved in the cable box transactions that are the subject matter of this case, that the Defendants are working men of modest means, and that the high overhead of equipment and shipping costs did not yield more than a few dollars of profit per unit, so that the Defendants were not greatly enriched by their activity whether legal or not.

In December of 2005, Attorney McLaughlin emailed me a draft of a Motion for Summary Judgment. We also discussed settlement parameters which were nowhere near reconciling and Attorney McLaughlin was going to speak with executives of the

corporate Plaintiffs. When I did not hear anything after mid-January, I though that the Plaintiffs had determined that to proceed further would cost them more than they would have a hope of recovering and had abandoned the case.

There are also triable issues of fact in the case. The Defendants would testify that the vast majority of cable box units that they sold required the insertion and activation of an electronic chip to be able to unscramble premium channels from most cable services and that they sold most of the units without a chip or without activation and without any instructions for the obtaining or activation of a chip. This was in addition to their providing disclaimers against the improper use of the equipment. They never advertised an ability or capacity of their equipment to obtain any services without activation by the cable companies. Furthermore, most of their equipment was designed for use on systems using older technology than is prevalent in the marketplace today and does not work with more modern systems. The Plaintiffs' own evidence also shows that the Defendants did not warrant any ability to obtain premium channels and refused exchanges or refunds based on such complaints.

I believe that the Defendants' rights were violated by the failure of the Court to provide me or them any notice by any means or to attempt to provide me or them any notice by any means of any action relating to the summary judgment.

Signed under the penalties of perjury this 6th day of March 2007.

_____
Jordan H. F. Fiore

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

CASE NO. 04-10414RCL

| | |
|---|---|
| COMCAST OF GEORGIA/MASSACUSETTS, ) | |
| INC. and COMCAST OF MIDDLETOWN, INC. ) | |
| And COMCAST OF BOSTON, INC. and ) | |
| COMCAST OF CALIFORNIA/MASSACHUSETTS/ ) | |
| MICHIGAN/UTAH, INC. and COMCAST OF ) | |
| MAINE/NEW HAMPSHIRE, INC. and COMCAST ) | **AFFIDAVIT OF** |
| OF MASSACHUSETTS I, INC. and COMCAST ) | **DIMAS AMARO** |
| OF MASSACHUSETTS II, INC. and COMCAST ) | **IN SUPPORT OF** |
| OF MASSACHUSETTS III, INC. and COMCAST ) | **MOTION TO** |
| OF MASSACHUSETTS/NEW HAMPSHIRE/ ) | **VACATE JUDGMENT** |
| OHIO, INC. and COMCAST OF NEW ) | |
| HAMPSHIRE, INC., Plaintiffs ) | |
| vs. ) | |
| JOSEPH AMARO, DIMAS AMARO, and ) | |
| JOSEPH AMARO and DIMAS AMARO, JOINTLY, ) | |
| d.b.a. CABLEJOINT and D'S ELECTRONICS, ) | |
| Defendants ) | |

I, Dimas Amaro, do hereby state and depose that I am a named Defendant in the above-entitled action and that I reside at 333 Cohannet Street, Taunton, Bristol County, Massachusetts. I further state that I was involved in the purchase and resale of electronic

equipment through eBay from about 1999 to 2002. Much of my inventory included cable television conversion boxes. The vast majority of units in which I traded were boxes designed to work to put basic cable programming onto televisions sets which required a converter in order to receive cable television programming and worked with older technologies and older cable television systems. They were not capable of receiving premium programming on the most up-to-date systems and in all events required the installation and activation of a special electronic chip in order to receive premium programming. To my knowledge, the vast majority of units that I sold did not contain such a chip or, if they did, the chip was not activated. In addition to providing written disclaimers as to the proper use of the converter boxes, which the Plaintiffs have already placed into evidence, I never warranted that these devices could receive premium programming and I never included any instructions as to how to obtain and install chips or how to activate a box to receive premium programming other than through a cable television provider. The only evidence that I have seen from the Plaintiffs that shows any of my boxes being used to obtain premium programming is their use by professional technicians employed or engaged by the Plaintiffs and not from consumers.

Subscribed and sworn to this 1st day of February 2007.

_____
Dimas Amaro

**COMMONWEALTH OF MASSACHUSETTS**

**BRISTOL, SS.**                           **February 1, 2007**

Then personally came before me Dimas Amaro, personally known to me, who made oath that the foregoing statement was true upon his personal knowledge.

_____

Jordan H. F. Fiore

Notary Public

My commission expires September 26, 2008

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

CASE NO. 04-10414RCL

| | |
|---|---|
| COMCAST OF GEORGIA/MASSACUSETTS, ) | |
| INC. and COMCAST OF MIDDLETOWN, INC. ) | |
| And COMCAST OF BOSTON, INC. and ) | |
| COMCAST OF CALIFORNIA/MASSACHUSETTS/ ) | |
| MICHIGAN/UTAH, INC. and COMCAST OF ) | |
| MAINE/NEW HAMPSHIRE, INC. and COMCAST ) | AFFIDAVIT OF |
| OF MASSACHUSETTS I, INC. and COMCAST ) | JOSEPH AMARO |
| OF MASSACHUSETTS II, INC. and COMCAST ) | IN SUPPORT OF |
| OF MASSACHUSETTS III, INC. and COMCAST ) | MOTION TO |
| OF MASSACHUSETTS/NEW HAMPSHIRE/ ) | VACATE JUDGMENT |
| OHIO, INC. and COMCAST OF NEW ) | |
| HAMPSHIRE, INC., Plaintiffs ) | |
| vs. ) | |
| JOSEPH AMARO, DIMAS AMARO, and ) | |
| JOSEPH AMARO and DIMAS AMARO, JOINTLY, ) | |
| d.b.a. CABLEJOINT and D'S ELECTRONICS, ) | |
| Defendants ) | |

I, Joseph Amaro, otherwise known as Joe Amaro, do hereby state and depose that I am a named Defendant in the above-entitled action and that I reside at 333 Cohannet Street, Taunton, Bristol County, Massachusetts. My brother Dimas Amaro had been

involved in the purchase and sale of cable television converter boxes through eBay. I thought that the venture seemed like fun and Dimas gave me information on suppliers. I never completed sales of any merchandise on my own. My first order of converter boxes was intercepted from United Parcel Service before it was delivered to me. I did not order any converters with illegal specifications and I did not receive or have the opportunity to inspect any converters, so I am without knowledge as to whether the items I ordered contained any illegal equipment or instructions

Subscribed and sworn to this 1st day of February 2007.

_____
Joseph Amaro, otherwise known as Joe Amaro

**COMMONWEALTH OF MASSACHUSETTS**

**BRISTOL, SS.**                    **February 1, 2007**

Then personally came before me Joseph Amaro, otherwise known as Joe Amaro, personally known to me, who made oath that the foregoing statement was true upon his personal knowledge.

_____
Jordan H. F. Fiore

Notary Public

My commission expires September 26, 2008

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

CASE NO. 04-10414RCL

| | |
|---|---|
| COMCAST OF GEORGIA/MASSACUSETTS, | ) |
| INC. and COMCAST OF MIDDLETOWN, INC. | ) |
| And COMCAST OF BOSTON, INC. and | ) |
| COMCAST OF CALIFORNIA/MASSACHUSETTS/ | ) |
| MICHIGAN/UTAH, INC. and COMCAST OF | ) |
| MAINE/NEW HAMPSHIRE, INC. and COMCAST | ) |
| OF MASSACHUSETTS I, INC. and COMCAST | ) **MEMORANDUM IN** |
| OF MASSACHUSETTS II, INC. and COMCAST | ) **SUPPORT OF** |
| OF MASSACHUSETTS III, INC. and COMCAST | ) **MOTION TO** |
| OF MASSACHUSETTS/NEW HAMPSHIRE/ | ) **VACATE JUDGMENT** |
| OHIO, INC. and COMCAST OF NEW | ) |
| HAMPSHIRE, INC., Plaintiffs | ) |
| vs. | ) |
| JOSEPH AMARO, DIMAS AMARO, and | ) |
| JOSEPH AMARO and DIMAS AMARO, JOINTLY, | ) |
| d.b.a. CABLEJOINT and D'S ELECTRONICS, | ) |
| Defendants | ) |

**1. STATEMENT OF THE CASE.**

The instant matter was brought before this Honorable Court on a complaint filed March 1, 2004, alleging that the Defendants had engaged in the sale of cable television

boxes capable of descrambling premium cable services in violation of law and of conspiring to steal cable services from the plaintiffs. The Defendants were duly served and an answer was filed on May 19, 2004. The matter went for mediation before Magistrate Judge Robert B. Collings, who issued his report on January 26, 2005. The parties engaged in discovery throughout 2005. In late 2005, Plaintiffs' counsel contacted Defendants' counsel about filing a Motion for Summary Judgment. In the course of their discussions, the parties passed back and forth settlement amounts and discussed the Defendants' ability to satisfy a judgment. See Affidavit of Jordan H. F. Fiore. The last communication between the parties preliminary to the motion occurred in January of 2006. The Motion for Summary Judgment was filed on February 3, 2006.

On October 3, 2005, this Honorable Court promulgated Local Rule 5.4 mandating electronic filing as of January 1, 2006. Defendants' counsel had taken steps to re-register in anticipation of this rule change prior to October 3, 2005, but had not completed the registration and the receipt of an electronic code by January 1, 2006 and was not aware of the deadline, which had been imposed in the meantime. The instant matter was counsel's only matter before this Court during the relevant period of time. See Fiore Affidavit. However, he had worked with the Bankruptcy Court on its similar transition and had received numerous communications from them while he was working to comply with their changes, including duplicate orders by mailed hardcopy in addition to emails. This Court had email information for counsel from the time of his appearance and Judge Collings' office had communicated with him by email. However, the Court never communicated the filing of the motion, nor did it serve notice of any hearings, nor did it indicate to Defense counsel any difficulty in making service.. Fiore Affidavit. Order on

the Motion for Summary Judgment entered on June 16, 2006 and the Judgment entered on November 22, 2006.  Only after counsel for the Plaintiffs contacted the Defendants' counsel regarding a possible error in the Judgment did Defendants or their counsel learn of the filing of the motion and findings on it.  Fiore Affidavit.  The Defendants now seek to vacate the judgment pursuant to FED. R. CIV. P. 60 (b)(6) on the grounds of not having been served with the motion or notice.

## II.  THE FILING OF THE INSTANT MOTION IS TIMELY AND IN ORDER.

Local Rule 7.1(b)(2) requires "A party opposing a motion, shall file an opposition to the motion within fourteen (14) days after service of the motion. . ."

FED. R. CIV. P. 5(b)(2)(D) provides for service by

> Delivering a copy by any other means, including electronic means, consented to in writing by the person served. Service by electronic  means is complete on transmission; service by other consented means is complete when the person making service delivers the copy to the agency designated to make delivery. If authorized by local rule, a party may make service under this subparagraph (D) through the court's transmission facilities.

However, Rule 5(b)(3) holds that "Service by electronic means under Rule 5(b)(2)(D) is not effective if the party making service learns that the attempted service did not reach the person to be served."  Therefore, service of the motion cannot be said to have been made and the clock has not run on  Local Rule 7.1(b)(2).  Furthermore, the instant motion is a motion unto itself and not merely an opposition to the Motion for Summary Judgment, so, therefore, Local Rule 7.1(b)(2) is in applicable in any event.

This motion is being filed in reasonable time, particularly in light of the necessity of counsel to complete his re-registration with the Court and with the PACER system and of the necessity of discussing matters with opposing counsel and the Defendants, and no

rights of the Defendants would be prejudiced by its allowance and by the Defendants being permitted to proceed with a proper opposition to the Motion for Summary Judgment. *Tate v Riverboat Servs*. 305 F Supp 2d 916 (ND Ind, 2004 ); *Central Operating Co. v Utility Workers of America* 491 F2d 245, 85 BNA LRRM 2334, 73 CCH LC P 14251, 18 FR Serv 2d 365, 23 ALR Fed 936 (4th Cir. 1974) .; *Bridoux v Eastern Air Lines, Inc.* 93 US App DC 369, 214 F2d 207 (D. C. Cir. 1954), cert den 348 US 821, 99 L Ed 647, 75 S Ct 33 (1954) .

### III.  RELIEF OF VACATING SUMMARY JUDGMENT IS PROPER IN THE INSTANT CASE.

Relief under FED. R. CIV. P. 60(b) is discretionary in the hands of the judge. However, Rule 60(b) has been found to be remedial in nature and must be liberally applied, judgments by default or entered without opposition are generally disfavored, and doubt should be resolved in favor of motion to set aside judgments so that cases may be decided on their merits when relief sought is timely and movant has a meritorious defense. In re *Ireco Industries, Inc.* 2 BR 76, 22 CBC 659 (B. C. Ore. 1979).  Factors to be considered in vacating judgment are social goals, justice and expediency, *Gomes v Williams,* 420 F2d 1364, 13 FR Serv 2d 1226 (10th Cir. 1970), prejudice and substantiality of rights involved. . *Scola v Boat Frances, R., Inc.,*  618 F2d 147, 29 FR Serv 2d 466(1st Cir.1980). In the instant matter, the Plaintiffs have submitted voluminous documentation which has not been responded to by the Defendants.  However, the Defendants' own affidavits submitted herewith indicate that, according to the Defendants' knowledge, the vast majority of cable boxes that they marketed were not enabled for illegal purposes and contained no means or instructions to render them capable of use for

illegal purposes. Further, the vast majority of inventory of the Defendant Joseph Amaro was seized from the United Parcel Service before the Defendant had received or even inspected the goods to determine their compliance with his order. Therefore, the issuance of the summary judgment without opposition by the Defendants prejudices significant rights of theirs, while the vacating of judgment prejudices no rights of the Plaintiffs.

## IV. CONCLUSION.

WHEREFORE, the Defendants' Motion to Vacate Summary Judgment must be allowed.

DIMAS AMARO

JOSEPH AMARO

By their attorney,

*[signature]*

Jordan H. F. Fiore, Esquire

BBI#166800

One Taunton Green

P. O. Box 2331

Taunton, MA 02780

(508)821-9491

March 5, 2007

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

CASE NO. 04-10414RCL

| | |
|---|---|
| COMCAST OF GEORGIA/MASSACUSETTS, ) | |
| INC. and COMCAST OF MIDDLETOWN, INC. ) | |
| And COMCAST OF BOSTON, INC. and ) | |
| COMCAST OF CALIFORNIA/MASSACHUSETTS/ ) | |
| MICHIGAN/UTAH, INC. and COMCAST OF ) | |
| MAINE/NEW HAMPSHIRE, INC. and COMCAST ) | |
| OF MASSACHUSETTS I, INC. and COMCAST ) | **CERTIFICATE OF** |
| OF MASSACHUSETTS II, INC. and COMCAST ) | **COMPLIANCE WITH** |
| OF MASSACHUSETTS III, INC. and COMCAST ) | **LOCAL RULE 7.1(a)(2)** |
| OF MASSACHUSETTS/NEW HAMPSHIRE/ ) | |
| OHIO, INC. and COMCAST OF NEW ) | |
| HAMPSHIRE, INC., Plaintiffs ) | |
| vs. ) | |
| JOSEPH AMARO, DIMAS AMARO, and ) | |
| JOSEPH AMARO and DIMAS AMARO, JOINTLY, ) | |
| d.b.a. CABLEJOINT and D'S ELECTRONICS, ) | |
| Defendants ) | |

I hereby certify that counsel have conferred by telephone and by email pursuant to Local Rule 7.1(a)(2) regarding Defendants' Motion to Vacate Judgment and have been unable to come to an accommodation without the intervention of the Court's judgment.

DIMAS AMARO

JOSEPH AMARO

By their attorney,

*[signature]*

Jordan H. F. Fiore, Esquire

BBO#166800

One Taunton Green

P. O. Box 2331

Taunton, MA 02780

(508)821-9491

March 6, 2007