**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS (EASTERN DIVISION)**

| | |
|---|---|
| **Comcast of Georgia/Massachusetts, Inc. and Comcast of Middletown, Inc. and Comcast of Boston, Inc. and Comcast of California/ Massachusetts/ Michigan/Utah, Inc. and Comcast of Maine/New Hampshire, Inc. and Comcast of Massachusetts I, Inc. and Comcast of Massachusetts II, Inc. and Comcast of Massachusetts III, Inc. and Comcast of Massachusetts/New Hampshire/Ohio, Inc. and Comcast of New Hampshire, Inc.,<br><br>Plaintiffs<br><br>vs.<br><br>**Joseph Amaro, Dimas Amaro, and Joseph Amaro and Dimas Amaro, Jointly d.b.a. CABLEJOINT and D's Electronics,**<br><br>Defendants | Case No.: **04-cv-10414-RCL**<br><br><br>**AFFIDAVIT OF JOHN M. McLAUGHLIN IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO VACATE JUDGMENT** |

Now comes the affiant, and makes this his sworn statement, under the pains and penalties of perjury, of his own personal knowledge.

### FACTUAL ASSERTIONS

1. I am Counsel for the Plaintiffs in this Action.

2. On March 1, 2004 the Plaintiffs filed this Civil Action alleging, in multiple counts, that the Defendants were in the business of distributing for-profit illegal cable television analog descrambling devices for the purpose of assisting individuals in the unauthorized interception of the Plaintiffs' cable television signals.

3. Since May of 2004 all of the Defendants have been represented by Attorney Jordan Fiore.

4. From early on in this Action, Attorney Fiore clearly had an e-mail account.

5. Throughout 2004 and 2005 I would mail hard copies of Pleadings to Attorney Fiore's office in Taunton, Massachusetts.

6. Throughout 2004 and 2005 I would often communicate with Attorney Fiore through the use of e-mail messaging and phone calls.

7. The Plaintiffs conducted fairly extensive written discovery and they deposed the Defendants and their Father.

8. I *never* told Attorney Fiore that the Plaintiffs were going to back down from the civil prosecution of this Action because of the alleged limited financial means of the Defendants.

9. While the Defendants have contended that they are not of affluent means, I consistently and constantly told Attorney Fiore that the Plaintiffs found his Defendants' statements less than credible.

10. During the course of this litigation I pointed out to Attorney Fiore that certain facts suggest his clients may have more economic wherewithal than they are admitting to; specifically I pointed out to Attorney Fiore that:

    a. A mediation session had to be postponed because one or more of the Defendants was on vacation in Europe; and

    b. One of the Defendants drove his late model Hummer automobile to his deposition.

11. In late 2005 and early 2006 the Plaintiffs moved forward with all aspects of this litigation without hesitation; including serving the Defendants with amended 26(a) disclosures and expert disclosures/reports.

12. The Defendants did absolutely no discovery and they never made any expert declaration.

13. Throughout the discovery period the Defendants would often be woefully late in their required responses. In fact, some discovery has still gone without proper responses.

14. I repeatedly told Attorney Fiore that the Plaintiffs would be going forward with a Summary Judgment Motion unless a settlement was reached.

15. I e-mailed a draft of the Plaintiffs' Motion for Summary Judgment to Attorney Fiore on December 29, 2005.

16. My office staff e-mailed Attorney Fiore on January 18, 2006 stating:

    "We are working on lengthy affidavits and it would appear that your clients will be hit with a summary judgment for many black boxes.  As Attorney McLaughlin said before, he wants to talk to you about resolving this matter.  He strongly urges you to contact him as soon as possible.  He said your clients will not be able to refute the numbers that come through in these affidavits."

17. Attorney Fiore did not contact me prior to the Plaintiffs bringing the Motion for Summary Judgment; in fact, Attorney Fiore did not contact me again until mid-December of 2006, over 11 months after I implored Attorney Fiore to contact him.

18. After January 2006 I no longer served hard copies of filed pleadings on Attorney Fiore.

19. I believed that Attorney Fiore had abided by the local rule requiring that he be electronically registered as of January 1, 2006.  I knew he had an e-mail account and I believed Attorney Fiore had a PACER account.

20. The Plaintiffs Motion for Summary Judgment was filed on or about February 3, 2006.

21. There was no response to the Motion for Summary Judgment and this honorable Court granted the Motion on June 16, 2006.  Thereafter, on July 10, 2006 the Plaintiffs filed an affidavit in support of attorney's fees.

22. On November 22, 2006 Judgment was entered for the Plaintiffs based upon the Summary Judgment Order and the attorney's fees affidavit.

23. The Plaintiffs have considered this case over and done with. I have not had contact with many of the witnesses who executed affidavits for the Summary Judgment Motion in well over a year.

24. To get this case up and running again will entail a burden on the Plaintiffs. Each and every witness must be contacted and their whereabouts verified. The passage of time will force the Plaintiffs and their witnesses to do additional work to prepare for the case going forward again.

25. At some point after the Judgment entered in this Action I took note of the fact that the pre-judgment interest appeared to be calculated too high. I was intending on giving the Judgment to a collection law specialist but the Plaintiffs did not want to give an inaccurate judgment to the collection attorney. Accordingly the Plaintiffs intended to move the Court to Amend the Judgment to more accurately reflect the appropriate prejudgment interest amount. The motion would have been totally to the benefit of the Defendants.

26. In conformity with the local rules I contacted Attorney Fiore by phone to see if he would have any objection to the Plaintiffs moving to reduce the prejudgment interest amount. I left a phone message regarding the proposed motion.

27. A day or two later, on December 13, 2006, I received a phone call from Attorney Fiore telling him that he had never received any pleadings or any of the Court's documents during the entire year of 2006. I told Attorney Fiore about the local rule requiring that he be electronically registered and I questioned him why he had apparently not looked at this Civil Action for a year. Attorney Fiore had little answer for I at that point in time.

28. Attorney Fiore told me on December 13, 2006 or shortly thereafter that he then had access to what had been filed electronically and to this Court's orders/judgment. He said that absent any settlement he would most likely *soon* be moving to vacate the judgment.

29. It is now *over 3 ½ months later* and the Defendants are finally moving to vacate the Judgment.

<table>
<tr><td>4/6/07<br>Date</td><td>/s/ John M. McLaughlin<br>John M. McLaughlin (BBO: 556328)<br>**Green, Miles, Lipton & Fitz-Gibbon LLP**<br>77 Pleasant Street<br>P.O. Box 210<br>Northampton, MA 01061-0210<br>(413) 586-0865</td></tr>
</table>